UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 1808 DIAMOND SPRINGS ROAD, VIRGINIA BEACH, VIRGINIA, Including all Appurtenances, Attachments and Buildings Located Thereon, Commonly Known as the "El Camino Motel" and the "Candlelight Lounge," Defendant.

UNITED STATES of America, Plaintiff,

v.

Bhagubhai Dhurabhai PATEL, Defendant.

Civ. A. No. 2:92CV785.
Crim. A. No. 92–146–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 23, 1993.

1078

Alan M. Salsbury, Kent P. Porter, Asst. U.S. Attys., Office of U.S. Atty., E.D.Va., Norfolk, VA, for plaintiff.

Stanley E. Sacks, Sacks, Sacks & Imprevento, Norfolk, VA, for defendant.

## CONSOLIDATION ORDER AND OPINION

MORGAN, District Judge.

During the August 1992 term, the Grand Jury returned a three count indictment against Defendant Bhagubhai Dhurabhai Patel.[1] After a three day jury trial upon Counts One and Two, the Defendant was convicted on November 19, 1992 of violating 21 U.S.C. § 856(a)(2), making premises available for use for storing and distributing a controlled substance. Specifically, the jury found that the Defendant agreed to store what he believed to be one kilogram of cocaine in an unoccupied room of the El Camino Motel in Virginia Beach, Virginia.[2] In return, the Defendant was promised $10,000

---

**1.** Count One of the grand jury indictment charged the Defendant with making premises available for use for storing and distributing a controlled substance in violation of 21 U.S.C. § 856(a)(2). Count Two charged the Defendant with knowingly and intentionally possessing with intent to distribute one (1) kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1). Count Three sought the forfeiture of any property used in the commission of any of the offenses charged in the first two counts pursuant to 21 U.S.C. § 853. By

agreement of the United States and the Defendant, Count Three was severed and submitted to the Court for decision.

**2.** The Defendant and his wife, Chandrabala Patel, own the El Camino Motel and allegedly the adjoining Candlelight Lounge as tenants by the entireties. The property is located at 1808 Diamond Springs Road, Virginia Beach, Virginia.

from an undercover narcotics officer for storing the sham cocaine.

Following the jury's verdict, the Court queried the Defendant on whether he wished Count Three, seeking criminal forfeiture of the Defendant's property pursuant to 21 U.S.C. § 853(a)(2), to be submitted to the jury or the Court. The Defendant elected to proceed on Count Three before the Court.[3] The Court then dismissed the jury and asked the parties if they wished to present evidence on the issue of the criminal forfeiture of the Defendant's property. Both parties declined to present any further evidence to the Court. The Court gave the parties until December 4, 1992 to submit written authority on the forfeiture issue.

The United States petitioned the Court on December 3, 1992, to order the Defendant's interest in the El Camino Motel and the Candlelight Lounge forfeited to the government. Defendant filed its opposition to forfeiture proceedings on December 4, 1992 and a supplemental memorandum of opposition on January 8, 1993, contending that forfeiting the Defendant's entire interest in the property constituted cruel and unusual punishment under the Eighth Amendment. On January 12, 1993, the Court ordered the Defendant's interest in the El Camino Motel, but not the Candlelight Lounge, forfeited to the United States. The Court found that the United States had failed to present any evidence with respect to the lounge being involved in the offense or as to the exact physical location of the lounge and found that the motel and lounge may be located upon separate parcels of land.[4] The United States filed a Motion to Reconsider the Court's forfeiture order on January 15, 1993. Specifically, the United States stated that the Court was confused over the location of the Candlelight

Lounge, that the United States introduced evidence at trial "clearly" indicating that the lounge and the motel were physically attached on one parcel and asked the Court to take judicial notice of the exact location of the lounge.

Defendant was sentenced on January 22, 1993 to twenty-one months imprisonment. At the sentencing, the Court asked the Defendant to respond to the United States' Motion to Reconsider and also requested the United States to inform the Court why it should consider the new evidence respecting the exact location of the lounge submitted with its Motion to Reconsider. The United States filed its supplemental memorandum on January 29, 1993 and Defendant filed its memorandum in response to the United States' Motion to Reconsider on February 2, 1993.

## DISCUSSION

### I. *Sufficiency Of The Evidence*

■ As an initial matter, the Court disagrees with the suggestion by the United States that it "clearly" established the whereabouts of the Candlelight Lounge through evidence submitted at trial. The Court will first dispose of this contention before addressing the constitutional issues presented in this case.

The United States contends in its Motion for Reconsideration that

> [p]hotographs, as well as the deed, introduced at trial clearly show that the entire property consists of two sections.... Testimony was received during the trial that on this larger portion was situated the main portion of the Motel, the Patel's at-

---

3. Defendant, defense counsel and the Assistant United States Attorney signed a "Waiver of Jury for Forfeiture Determination." *See* Docket No. 34. This document provided:

> The defendant ... understands that he has the right for the jury to hear evidence relating to the forfeitability of the above described property, and to make a determination as to whether the Defendant's interest in said asset is subject to forfeiture.
> The defendant ... hereby waives his right to have the jury hear evidence and make a determination as to forfeitability of his interest in

the above described property, and further agrees to allow the Judge to make said determination.

4. For example, the United States' December 3, 1992 memorandum stated: "According to the deed to the property, which was offered in evidence as United States Exhibit 1, the real property that is the El Camino Motel *and* the Candlelight Lounge *consists of two parcels* which are contained within a single deed." U.S. 12/3/92 Mem. at 12–13 (emphasis added).

tached apartment/residence, and the attached Lounge.... [Exhibits] clearly reflect.that the Lounge *and* the main portion of the El Camino Motel (business office, residence and the bulk of the rooms) *comprise a single structure and are physically connected.*

U.S. 1/15/93 Mem. at 2–3 (emphasis in original; footnotes omitted). In reviewing the United States' evidence submitted at trial (Government Exhibits 1–5), the Court finds that *no* evidence was presented as to the location of the Candlelight Lounge. When Detective Thomas S. Liverman introduced the exhibits, the Assistant United States Attorney *never* asked him to identify the location of the lounge and the Detective *never* indicated where on the photographs it was located. Detective Liverman only pointed out to the jury where the Patels' apartment was located, that motel rooms extended along the "horseshoe" of the motel and that there were additional rooms across the street. *See* Liverman Testimony at 3–6. There was no discussion of the whereabouts of the Candlelight Lounge or that Parcel One of the two separate "parcels" of property described in the deed included the motel and lounge. Moreover, as discussed *supra,* after the jury returned its verdict, the Defendant elected to proceed before the Court on Count Three. At that time, the Court invited both parties to present additional evidence on the forfeiture issue. Both the United States and the Defendant declined to do so.

Accordingly, the Court finds that based on the evidence submitted by the United States

at trial, it is far from "clear" that the El Camino Motel and the Candlelight Lounge are located on the same parcel of land. The Court finds the United States' contention in its brief that exhibits admitted at trial "clearly reflect that the Lounge and the main portion of the El Camino Motel ... comprise a single structure and are physically connected" to be without any basis in evidence. The fact that signs for the El Camino Motel and the Candlelight Lounge are attached to the same supporting pole, *see* Govt.Exh. 5, does not prove the physical location of the lounge or motel nor does it tell the Court who operates them. The unsupported statement that the trial record "clearly" established the whereabouts of the Candlelight Lounge is simply without foundation.[5]

Moreover, the United States Court of Appeals for the Fourth Circuit has held: "The reopening of a criminal case after the close of evidence is within the discretion of the trial judge." *United States v. Paz,* 927 F.2d 176, 179 (4th Cir.1991) (citing *United States v. Walker,* 772 F.2d 1172, 1177 (5th Cir.1985; *United States v. Molinares,* 700 F.2d 647, 652 (11th Cir.1983)). *See also United States v. West,* 877 F.2d 281, 293 (4th Cir.) (in criminal forfeiture case, "[q]uestions concerning the order of proof and permission to reopen the evidence are within the trial court's discretion."), *cert. denied,* 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989). The United States was invited to present whatever evidence it desired on the forfeiture issue. The United States presented inadequate evidence at trial to determine the loca-

---

5. Moreover, the Court finds that the additional exhibits proffered by the United States in its January 15, 1993 Motion to Reconsider are insufficient to establish whether the Candlelight Lounge is, or is not, physically connected to the El Camino Motel. The Court finds that the location of the Candlelight Lounge is not so patently obvious that the Court may take judicial notice of its location pursuant to Federal Rule of Evidence 201(f). Indeed, its *exact* location has never been proven. "A judicially noted fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). *See Pina v. Henderson,* 752 F.2d 47, 50 (2d Cir.1985) (quoting Advisory Committee Note to Subdivision (b); emphasis added) ("The more critical an issue is to the ultimate disposition of the case,

the less appropriate judicial notice becomes.... A court should not go outside the record to supply a fact that is an essential part of a party's case *unless the fact is clearly beyond dispute.*").

Based upon the additional exhibits submitted by the United States, the Court is simply unable to determine the location of the Candlelight Lounge. The only evidence that the lounge is part of the same parcel that contains the motel is the unsupported statement of the United States that it is, which is clearly an insufficient foundation upon which to base such a factual determination, let alone find that "the fact is clearly beyond dispute." *Id.* Hence, even in the absence of Double Jeopardy problems, the Court could not take judicial notice of the location of the Candlelight Lounge based upon the United States' additional submissions.

tion of the lounge and declined the Court's invitation to submit additional evidence after the jury had been dismissed and the Court took up Count Three. Even if the Court considered the supplementary evidence the United States sought to submit with its "Motion to Reconsider," such evidence is not sufficient to enable the Court to judicially notice the involvement or location of the lounge. Accordingly, the Court declines to exercise its discretion to reopen the evidence to grant the United States another opportunity to present evidence.

## II. *Double Jeopardy Issue—Section 853 As An Element Of The Crime*

■ Having determined that the United States failed to establish the location of the lounge at trial the Court next turns to the constitutional issues presented by the government's "Motion to Reconsider." The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy." U.S. Const. amend. V. It is well established that the Double Jeopardy Clause prevents the retrial of a criminal defendant who has been acquitted of the crime charged. *United States v. DiFrancesco,* 449 U.S. 117, 129–30, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980). It also prevents the retrial of a defendant whose conviction is overturned on appeal for insufficient evidence. *Burks v. United States,* 437 U.S. 1, 14–16, 98 S.Ct. 2141, 2149–2150, 57 L.Ed.2d 1 (1978). In the later case, the defendant reaps a windfall where "the government has failed to prove its case [against the defendant].... [T]he prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble." *Id.* at 15–16, 98 S.Ct. at 2149–2150. However, the Supreme Court "has resisted attempts to extend [the Double Jeopardy Clause] to sentencing." *Bullington v. Missouri,* 451 U.S. 430, 438, 101 S.Ct. 1852, 1857, 68 L.Ed.2d 270 (1980). "The imposition of a particular sentence usually is not regarded as an 'acquittal' of any more severe sentence that could have been imposed." *Id.*

■ Thus, if the Court finds that its forfeiture order of January 12, 1993 was merely part of the Defendant's sentence for violation of 21 U.S.C. § 856(a)(2), vacating that forfeiture order to consider the United States' new evidence would not, as a general rule, violate the Defendant's Double Jeopardy guarantees under the Fifth Amendment. However, if the forfeiture of Defendant's interest in the El Camino Motel is not merely part of the punishment but is an element of the crime to be proven beyond a reasonable doubt, the Double Jeopardy Clause precludes the Court from considering any additional evidence on the location of the Candlelight Lounge and the Court's forfeiture order may not be disturbed. For reasons discussed *infra,* the Court believes that the forfeiture of the Defendant's interest in the motel is an element of the crime and, accordingly, FINDS that the Double Jeopardy Clause applies to the instant case.

As an initial matter, the Court notes that it believes that the issue before it—whether vacating a criminal forfeiture order pursuant to 21 U.S.C. § 853(a)(2) to permit the United States to submit new evidence violates the Double Jeopardy Clause—is an issue of first impression both within the Fourth Circuit and the circuit courts generally. This issue was raised with respect to RICO's criminal forfeiture statute, 18 U.S.C. § 1963, but the Third Circuit declined to address it. *United States v. Ofchinick,* 883 F.2d 1172, 1180 n. 5 (3d Cir.1989) (as the court rejected the government's appeal on procedural grounds, "we need not decide whether the government's proposal to vacate the entire forfeiture verdict and start from scratch would violate the double jeopardy provisions of the fifth amendment."), *cert. denied sub nom. DeLucia v. United States,* 493 U.S. 1034, 110 S.Ct. 753, 107 L.Ed.2d 769 (1990). In another RICO forfeiture case, the Seventh Circuit concluded that the government appeal of a district court's forfeiture order did not violate the Double Jeopardy Clause. *United States v. Horak,* 833 F.2d 1235, 1245–46 (7th Cir.1987). The Court first found that the RICO forfeiture "is part of the determination of [the defendant's] sentence rather than a determination of his guilt or innocence." *Id.* at 1246. Citing *DiFrancesco,* the Seventh Circuit reasoned that the district court's imposition of forfeiture of part of Horak's prop-

erty was not an "implied acquittal" of any additional forfeiture sentence. *Id.*

While no court has addressed the precise issue before the Court in this case, a number of circuit courts have considered the related issue of whether criminal forfeiture under 21 U.S.C. § 853 is an element of the underlying crime or merely part of the punishment in addition to any prison sentence the defendant receives. Those courts that have found criminal forfeiture to be part of sentencing have held that the burden of proof the United States bears for the forfeiture phase of a drug trial is merely a preponderance of the evidence, not proof beyond a reasonable doubt. *See United States v. Elgersma,* 971 F.2d 690, 694 (11th Cir.1992) (en banc); *United States v. Smith,* 966 F.2d 1045 (6th Cir.1992); *United States v. Herrero,* 893 F.2d 1512, 1541–42 (7th Cir.), *cert. denied,* 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990); *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1576 (9th Cir.1989), *cert. denied,* 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990); *United States v. Sandini,* 816 F.2d 869, 874–76 (3d Cir.1987) (all holding that criminal forfeiture is part of punishment and not an element of the offense). In concluding that criminal forfeiture is part of the punishment and not an element of the offense these courts have focused on the rebuttable presumption of 21 U.S.C. § 853(d). This section provides that the property of a person convicted of certain felonies "is subject to forfeiture" if the government "establishes by a preponderance of the evidence" that the property was acquired during the crime for which the defendant is convicted. In echoing a common interpretation of this section, the Eleventh Circuit concluded: "[t]his presumption would have no significance if the government was still required to prove forfeiture beyond a reasonable doubt." *Elgersma,* 971 F.2d at 694 (cit-

ing *Hernandez–Escarsega,* 886 F.2d at 1577).[6]

However, decisions on this question are not uniform as several jurisdictions adhere to the proof beyond a reasonable doubt standard in criminal forfeitures.[7] *See United States v. Monsanto,* 852 F.2d 1400, 1412 n. 1 (2d Cir.1988) (Mahoney, J., dissenting) ("the requirement of proof beyond a reasonable doubt as to the forfeitability of assets is the majority rule," but noting the *Sandini* decision), *rev'd on other grounds,* 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *United States v. Nichols,* 841 F.2d 1485, 1500 (10th Cir.1988) ("The government must prove a forfeiture allegation in an indictment in the same manner that it must prove any other allegation in an indictment."); *United States v. Dunn,* 802 F.2d 646, 647 (2d Cir.1986) (criminal forfeiture requires proof beyond a reasonable doubt as opposed to a preponderance standard in civil cases), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987); *United States v. Cauble,* 706 F.2d 1322, 1347–48 (5th Cir.1983) (government must prove beyond a reasonable doubt whether defendant's interest in property is subject to RICO forfeiture), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229).

This Court is guided by this district's decision in *United States v. Pryba,* 674 F.Supp. 1518, 1520–21 (E.D.Va.1987), *aff'd,* 900 F.2d 748 (4th Cir.), *cert. denied* 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990). In a bifurcated trial, the defendant was first convicted of underlying RICO violations under 18 U.S.C. § 1961. At the forfeiture stage of the proceedings, the district court held that the United States was required to show proof beyond a reasonable doubt that the property was used in the commission of the predicate offenses. The United States relied on the Third Circuit's *Sandini* decision, *supra,* which held that the government need only

---

**6.** The Court observes that several circuits noted that the language of section 853(d) only addresses the property outlined in section 853(a)(1), property acquired by the defendant as a result of the applicable felony. Hence, those courts failed to decide whether the preponderance standard set forth in section 853(d) applies to property covered in section 853(a)(2), property used in the commission of the applicable felony. *See Elgersma,* 971 F.2d at 696; 697 n. 20; *Hernandez–*

*Escarsega,* 886 F.2d at 1576 n. 9. The present case only involves forfeiture of property under section 853(a)(2).

**7.** The United States concedes that there is a split of authority over the standard of proof issue at the forfeiture stage. *See* U.S. 1/29/93 Mem. at 4 n. 2.

prove guilt by a preponderance standard in a section 853 criminal forfeiture. *Pryba* rejected *Sandini*'s reading of the legislative history of section 853(d)'s rebuttable presumption which cites *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). *Id.* The *Pryba* court pointed out that

> *Allen* makes clear that a rebuttable presumption is constitutionally acceptable as long as the device does not "undermine the fact-finder's responsibility at trial ... to find the ultimate facts beyond a reasonable doubt." 442 U.S. at 156 [99 S.Ct. at 2224]. Thus, *Allen* and [section 853(d)'s] legislative history seem to suggest that permissive rebuttable presumptions established by a preponderance are acceptable in the criminal context *provided they do not change the ultimate reasonable doubt standard to be used by the factfinder.* Thus *Sandini* may have misread [section 853(d)'s] legislative history.

*Id.* at 1521 (emphasis added). Thus, *Pryba* held that in citing *Allen* in the Senate report on section 853(d), Congress retained the constitutional requirement of proof beyond a reasonable doubt overall in criminal forfeiture, although the government is entitled to certain presumptions under a lower standard of proof as part of its case.

The Court believes that *Pryba* is controlling precedent in this circuit.[8] As such, it compels the conclusion that criminal forfeiture is an element of the crime and is subject to Double Jeopardy guarantees. This Court has previously held that "forfeiture is imposed 'directly on an individual *as part of a criminal prosecution.'* .... The Government must allege forfeiture in the indictment and *must carry the burden of proof beyond a reasonable doubt.* Fed.R.Crim.P. 7(c)(2)." *United States v. Swank,* 797 F.Supp. 497, 499 (E.D.Va.1992) (emphasis added) (quoting *United States v. Huber,* 603 F.2d 387, 396 (2d Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980)). More-

over, the Federal Rules of Criminal Procedure make it clear that forfeiture is an element of the offense to be proven beyond a reasonable doubt. Rule 7(c)(2) requires that forfeiture be specified in the indictment and Rule 31(e) requires a special verdict for forfeiture. Moreover, the Notes of the Advisory Committee on Rules to Rule 31(e) states: "The assumption of the draft is that the amount of the interest or property subject to criminal forfeiture is an element to be alleged and proved." Thus, Rules 7(c)(2) and 31(e) indicate that criminal procedures apply to forfeiture and proof beyond a reasonable doubt is a fundamental element of criminal trials. *See Patterson v. New York,* 432 U.S. 197, 204, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977) (Due Process requires that beyond a reasonable doubt standard applies to the elements of a criminal trial).

In addition, the Court's conclusion that the beyond a reasonable doubt standard applies to section 853(a)(2) is bolstered by the fact that the United States may pursue a civil forfeiture action under 21 U.S.C. § 881, which allows proof by a preponderance of the evidence.[9] If the burdens of proof were identical under both civil and criminal forfeiture, the government would face collateral estoppel problems every time it failed to prove its criminal prosecution and attempted to bring a successive civil forfeiture proceeding. Yet the Supreme Court has held that the government can bring a civil forfeiture action against property after its owner has been acquitted on criminal charges that include a criminal forfeiture provision. *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972).

Since criminal forfeiture under section 853 is an element of the crime and not part of sentencing, the United States was required to prove beyond a reasonable doubt that all of Defendant's property was "used ... in any manner or part, to commit, or to facilitate the

---

8. *But see Elgersma,* 971 F.2d at 694 n. 12; *Hernandez–Escarsega,* 886 F.2d at 1577 n. 10 (disagreeing with *Pryba* 's interpretation of *Allen* and reaching opposite results on the standard of proof under section 853(d)).

9. *See also* S.Rep. No. 225, 98th Cong., 2d Sess. 196, 210, *reprinted in* 1984 U.S.C.C.A.N. 3379, 3393 (one advantage of civil forfeiture under 21 U.S.C. § 881 over criminal forfeiture under 21 U.S.C. § 853 is the "the government's burden of proof is lower" in civil cases).

commission of" the drug felony. 21 U.S.C. § 853(a)(2). Therefore, the Court's Forfeiture Order is a final order that cannot be reopened without violating the Double Jeopardy Clause's general prohibition against successive prosecutions.

### III. Double Jeopardy Issue—Section 853 As Part Of Sentencing—Motion To Reconsider

Even if the Fourth Circuit had held that criminal forfeiture under section 853 was part of the Defendant's sentence, the Court believes that reopening the evidence to permit the United States to establish that the Candlelight Lounge should also be forfeited would run afoul of *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1980). In *Bullington,* the Court held that a defendant sentenced to life imprisonment by a capital sentencing jury is protected by the Double Jeopardy Clause against imposition of the death penalty if he is retried and reconvicted following the reversal of his conviction on appeal. The Court refused to apply the general rule that following the nullification of the original conviction, the defendant " 'may be subjected to whatever punishment is lawful....' " *Id.* at 442, 101 S.Ct. at 1860 (quoting *North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969)). The Court focused on the Missouri sentencing procedures that followed a defendant's conviction. A separate hearing was required and "resembled and, indeed, in all relevant respects was like the immediately preceding trial on the issue of guilt or innocence. It was itself a trial on the issue of punishment...." *Id.* at 438, 101 S.Ct. at 1858.[10]

The Court noted the general rule that "it is impossible to conclude that a sentence less than the statutory maximum 'constitute[s] a decision to the effect that the government has failed to prove its case.' " *Id.* at 443, 101 S.Ct. at 1860 (quoting *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149). "By enacting a capital sentencing procedure that resembles a trial on the issue of guilt or innocence, however,

Missouri *explicitly requires* the jury to determine whether the prosecution has 'proved its case.' " *Id.* at 444, 101 S.Ct. at 1861 (emphasis in original). "Accordingly, the Court held that the jury's decision to sentence Bullington to life imprisonment after his first conviction should be treated as an 'acquittal' of the death penalty under the Double Jeopardy Clause." *Poland v. Arizona,* 476 U.S. 147, 153, 106 S.Ct. 1749, 1754, 90 L.Ed.2d 123 (1985).

The Court believes the reasoning of *Bullington* applies to this case. As discussed *supra,* the Court bifurcated the forfeiture count from the two predicate offense counts at trial. Following the Defendant's conviction on Count One, he was entitled to have Count Three tried before the jury "to make the determination as to whether the Defendant's interest in said asset is subject to forfeiture." *See supra* n. 3. Had the Defendant so elected, a "separate" trial would been held solely on Count Three. As such, counsel would have been entitled to make opening statements, present testimony and evidence, and make closing statements. The jury then would have been instructed and would have retired to deliberate. Had these events transpired, the jury, rather than the Court, might have returned the same verdict as the Court and forfeited the Defendant's interest in the El Camino Motel alone. That is, had the United States rested without presenting additional evidence, or had it merely revisited the evidence it presented at trial without conclusively establishing the lounge's involvement or exact location, the jury might have inferred that the lounge and the motel are on separate parcels and only forfeited the Defendant's interest in the motel.

The Court FINDS that the fact-finding nature of the forfeiture determination is of a guilt-innocence nature and is not unlike the presentence hearing described by the Supreme Court in *Bullington,* supra n. 9. To paraphrase *Bullington,* by permitting courts to conduct forfeiture proceedings that resemble a trial on the issue of guilt or innocence,

---

**10.** The Court described the presentence hearing: "counsel make opening statements, testimony is taken, evidence is introduced, the jury is instructed, and final arguments are made. The jury then

deliberates and returns its formal punishment verdict." *Bullington,* 451 U.S. at 438 n. 10, 101 S.Ct. at 1858 n. 10.

Congress explicitly requires the jury to determine whether the prosecution has proved its case with respect to forfeiture of the defendant's property. 451 U.S. at 444, 101 S.Ct. at 1861. Had the jury only forfeited the Defendant's interest in the motel, the Court believes the jury verdict would serve as an "acquittal" of a subsequent verdict forfeiting the Defendant's interest in both the motel and the lounge under *Bullington.* In such a case the Double Jeopardy Clause would prevent the United States from reopening the forfeiture issue. "Having received 'one fair opportunity to offer whatever proof it could assemble,' *Burks,* 437 U.S. at 16, 98 S.Ct. at 2150, the state is not entitled to another." *Id.* at 446, 101 S.Ct. at 1862. This analysis is fully apposite to the present case where the Court acted as the fact-finder with respect to Count Three.

For all these reasons, the Court FINDS that reopening the presentation of evidence in the case to permit the United States another opportunity to establish the location of the Candlelight Lounge would violate the Defendant's Fifth Amendment right not to be put in Double Jeopardy for the same offense. Accordingly, the relief sought by the United States' in its "Motion to Reconsider" the Court's January 12, 1993 Forfeiture Order is DENIED.

## IV. *Consolidation Of Civil And Criminal Forfeiture Proceedings*

■ The Court directed the United States to defend its contention that it is entitled to proceed simultaneously with a civil forfeiture proceeding (Civil Action 2:92cv785), under 21 U.S.C. § 881(a)(7), and a criminal forfeiture action (Criminal Action 92–146–N), under 21 U.S.C. § 853, against Defendant's property. The United States has briefed the issue. *See* U.S. Supp.Mem. at 2–8. The Defendant responds that he "has no objection and does not question the accuracy of the United States' representation concerning the pendency of both civil and criminal forfeiture matters." Def.Mem. at 9–10. The Defendant petitions the Court to consolidate "these matters into one proceeding.... [S]uch an Order would further the interests of judicial economy since the same core of operative

fact would apply to both proceedings in any event." *Id.* at 10.

The Court can find no prohibition on consolidating criminal and civil forfeiture actions involving the same defendant and property. *See United States v. Certain Real Property,* 972 F.2d 136 (6th Cir.1992) (district court can consolidate criminal and civil forfeiture actions brought by United States against defendant's property); *United States v. 228 Acres of Land and Dwelling,* 916 F.2d 808, 809 (2d Cir.1990) (permitting the consolidation of two civil forfeiture proceedings against the same defendant but involving different property), *cert. denied sub nom. Moreno v. United States Drug Enforcement Agency,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991).

■ An examination of Civil Action 2:92cv785 and Criminal Action 92–146–N reveals that both forfeiture proceedings involve identical incidents and identical parties represented by the same counsel. Therefore, in the light of judicial economy, the Court hereby ORDERS that both cases are consolidated, pursuant to Federal Rule of Civil Procedure 42(a), and shall go forward as one case under Civil Action 2:92cv785. The Court notes that a trial date of July 7, 1993 has been selected for Civil Action 2:92cv785 and that trial by jury is not available in this civil forfeiture proceeding. The Court's finding that the United States' evidence in Criminal Action 92–146–N was insufficient to establish the location of the lounge has no bearing on the civil proceeding to be tried on July 7, 1993 under consolidated Civil Action 2:92cv785, since the United States is able to proceed with civil forfeiture where its evidence is insufficient to establish criminal forfeiture. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 360–61, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984); *United States v. 7715 Betsy Bruce Lane, Summerfield, N.C.,* 906 F.2d 110, 111–12 (4th Cir.1990).

As set forth in its January 12, 1993 order, the Court DIRECTS the United States, pursuant to 21 U.S.C. § 853(n)(1), to publish notice of the partial forfeiture and of its intent to dispose of the property and to provide direct written notice to any person

known to have alleged an interest in the property that is subject to forfeiture. Further, the Court also DIRECTS that, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the El Camino Motel may, within thirty (30) days of the final publication of notice by the United States under 21 U.S.C. § 853(n)(1), petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the motel.

## V. *Eighth Amendment Proportionality Issue*

Defendant contends that given his "minor" conduct in the case, forfeiting his entire interest in the El Camino Motel is disproportionate to the crime and violates the Eighth Amendment's prohibition of cruel and unusual punishment.[11] The United States responds that (1) there is no general rule of proportionality imposed by the Constitution or recognized by the Fourth Circuit and (2) Defendant's sentence, including the forfeiture, is not disproportionate in any event. The Court declines to address Defendant's Eighth Amendment claim at this time and refers any ruling on the proportionality issue to the consolidated proceedings in this action.

## CONCLUSION

Based upon the foregoing, the Court DENIES the relief sought in the United States' "Motion to Reconsider" and ORDERS Criminal Action 92–146–N consolidated with Civil Action 2:92cv785 for purposes of all further proceedings concerning the forfeiture of all interests in the El Camino Motel and Candlelight Lounge. That portion of the Court's January 12, 1993 Order that extended the United States Magistrate's August 21, 1992 order restraining and enjoining the Defendant, Mrs. Patel, and the El Camino Motor Lodge Corporation from transferring, conveying, liquidating, encumbering, wasting, secreting, modifying the terms of or otherwise disposing of any real or personal property described in the indictment in this case shall be continued in full force and effect pending the final resolution of the civil and criminal forfeiture issues.

The Court further ORDERS that the United States is identically restrained and enjoined from transferring, conveying, liquidating, encumbering, wasting, secreting, or modifying its interest, if any, in any real or personal property described in the indictment in this case pending the final resolution of the civil and criminal forfeiture issues. This Court's October 2, 1992 order, stating that the United States Marshal shall retain custody of the property until ordered to do otherwise by the Court, shall remain in effect.

It is so ORDERED.

---

11. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.