**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

**v.**

**EDWIN ELGERSMA, Defendant–**
**Appellant.**

**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

**v.**

**EDWIN ELGERSMA, Defendant–**
**Appellant.**

**Nos. 89–3926, 89–3934.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 8, 1992.

691

Lawrence E. Besser, Miami, Fla., for defendant-appellant.

Joseph K. Ruddy, and Patricia A. Kerwin, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, BIRCH and DUBINA, Circuit Judges.*

DUBINA, Circuit Judge:

The appellant, Edwin Elgersma ("Elgersma"), was convicted in the United States District Court for the Middle District of Florida of various drug-trafficking offenses, including engaging in a continuing criminal enterprise. After his convictions, a separate criminal forfeiture proceeding was held before the same jury, which found several of Elgersma's possessions forfeitable. The district court entered an order of forfeiture and sentenced Elgersma to 365 months in prison to be followed by a five-year term of supervised release. Elgersma appealed. A divided panel of this court affirmed Elgersma's convictions and the district court's order of forfeiture, but determined that the district court applied an improper standard of proof at the forfeiture proceeding. *United States v. Elgersma,* 929 F.2d 1538 (11th Cir.1991). Subsequently, we granted en banc review and vacated the panel opinion. *United States v. Elgersma,* 938 F.2d 179 (11th Cir.1991).

The case was taken en banc to consider the following issue: "In a criminal forfeiture proceeding pursuant to 21 U.S.C. § 853 (1988), is the applicable standard of proof the preponderance of the evidence standard or the beyond a reasonable doubt standard?"

■ We affirm Elgersma's convictions and the district court's order of forfeiture concluding that the district court properly applied the preponderance of the evidence standard to those items of property found forfeitable under section 853(a)(1) and we further hold that the district court did not commit plain error by holding other property forfeitable under sections 853(a)(2) and (3).[1]

## I. BACKGROUND

Elgersma was one of several codefendants charged with various drug-trafficking offenses, including shipping cocaine into the United States. He also was charged with engaging in a continuing criminal enterprise and with criminal forfeiture to secure his residence in Marathon, Florida; land in Florida and Montana; a cashier's check; and a coin collection. After the government brought a superseding indictment and later amended it to correct citations, a jury trial was held. Five days into the trial, Elgersma moved to dismiss the continuing criminal enterprise count on the ground that the indictment failed to aver the essential elements of the offense. The district court denied Elgersma's motion. The jury found Elgersma guilty on thirteen

* Senior U.S. Circuit Judge Johnson, who was a member of the en banc court which heard oral argument in this case, took senior status on September 30, 1991, and therefore did not participate in this decision.

1. Elgersma raised three issues on appeal. The first issue challenged a superseding indictment filed by the government, and the remaining two issues dealt with the criminal forfeiture proceeding. We agree with the panel decision as it relates to Elgersma's challenge to the superseding indictment and adopt the panel's reasoning. *See Elgersma,* 929 F.2d at 1540–42. We also affirm without discussion the district court's finding that there was sufficient evidence to forfeit the cashier's check.

counts. A separate forfeiture proceeding was then held before the same jury. The district court charged the jury that it could presume certain property was subject to forfeiture if the government showed by a "preponderance of the evidence" that (1) the defendant acquired such property during or near the time period of the narcotics violations, and (2) there was no likely source for the property other than those violations, unless evidence to the contrary outweighed the presumption.[2] The district court then defined the preponderance of the evidence standard. Last, it instructed the jury to return guilty verdicts on a separate verdict form if it found that the government had established that the stated property constituted (1) proceeds arising from the narcotics violations, (2) property used to commit or facilitate the commission of such violation, or (3) property or contractual rights affording a source of control over the criminal enterprise.[3] The jury found the residence in Marathon, Florida, forfeitable under sections 853(a)(2) and (3), but not section 853(a)(1), and it found two parcels of property in Montana and a cashier's check forfeitable under section 853(a)(1) but not sections 853(a)(2) and (3).[4]

## II. DISCUSSION

The criminal forfeiture statute at issue, 21 U.S.C. § 853, was amended by the Comprehensive Crime Control Act of 1984. These amendments were "designed to enhance the use of forfeiture, and in particular, the sanction of criminal forfeiture, as a law enforcement tool in combatting [one] of the most serious crime problems facing the country ... drug trafficking." S.Rep.

No. 225, 98th Cong., 2d Sess. 4 (1984) *reprinted in* 1984 U.S.C.C.A.N. 3182, 3374 (hereinafter "1984 U.S.C.C.A.N.").[5]

■ Due Process requires the beyond a reasonable doubt standard to apply to the elements of a criminal offense. *Patterson v. New York*, 432 U.S. 197, 204, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977). However, for sentencing determinations, only a preponderance standard is required. *United States v. Mires–Borges*, 919 F.2d 652, 662 (11th Cir.1990).

Therefore, before we can determine which standard of proof Congress intended to apply to criminal forfeiture proceedings under section 853, we must first determine whether Congress intended forfeiture to be part of the substantive offense or part of the sentencing process. For only if Congress intended forfeiture to be part of the sentencing process, can we reach the question of whether Congress intended to apply a less strenuous standard to forfeiture under section 853 than the beyond a reasonable doubt standard.

### A. *Criminal Forfeiture is Part of the Sentencing Process*

Since in this case the resolution of a question of federal law involves the interpretation of a statute and the intent of Congress, we begin our analysis by looking to the language of the statute itself. *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547–48, 79 L.Ed.2d 891 (1984). Two portions of section 853(a) demonstrate congressional intent to characterize criminal forfeiture as part of the sentencing process.[6] First, section 853(a) expressly

---

**2.** This jury instruction tracks the language of 21 U.S.C. § 853(d), discussed *infra*.

**3.** These are the requirements contained in 21 U.S.C. § 853(a), discussed *infra*.

**4.** An additional parcel of land in Florida and a coin collection were not found to be forfeitable under section 853.

**5.** The Comprehensive Crime Control Act amended criminal forfeiture under the Continuing Criminal Enterprise Act ("CCE") which is the subject of this case. At the same time, 18 U.S.C. § 1961 (1988), the section which prescribes the

penalties, including criminal forfeiture for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), was also amended. The only significant difference between forfeiture for RICO violations and CCE violations is that under the CCE forfeiture provision Congress included § 853(d), discussed *infra*.

**6.** Section 853(a) reads:
    (a) Property subject to criminal forfeiture
    Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

states that the section shall apply to "[a]ny person convicted" of a drug offense and, second, "[t]he court, in imposing sentence on such person, shall order, in addition to any other sentence imposed ... that the person forfeit ... all property described in this subsection." The legislative history further supports the finding that forfeiture constitutes part of the sentencing phase because it refers to forfeiture as a "sanction," 1984 U.S.C.C.A.N. at 3182, 3374, 3376, and that one of the purposes of section 853 was to "deter [and] punish drug trafficking." *Id.* at 3374.[7]

Elgersma argues that two rules of federal criminal procedure that pre-date the 1984 amendments support the proposition that criminal forfeiture is part of the substantive criminal charge.[8] Federal Rule of Criminal Procedure 31(e) requires criminal forfeitures to be decided by special verdicts.[9] Also, the note of the Advisory Committee to Rule 31(e) states, "[t]he assumption of the draft is that the amount of the interest or property subject to the criminal forfeiture is an element of the offense to be alleged and proved. See Advisory Committee note to rule 7(c)(2)."

The Advisory Committee's note to Rule 7(c)(2) (referred to in the note to Rule 31(e)) states that there was

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

(3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

The court in imposing sentences on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other pro-

a congressional purpose to have ... procedures similar to those in [common law criminal forfeitures] apply to ... forfeitures under [section 853]. Under the common law, in a criminal forfeiture proceeding the defendant was apparently entitled to notice, trial, and a special jury finding on the factual issues surrounding the declaration of forfeitures which followed his criminal conviction.

Despite this commentary, we are not persuaded that a criminal forfeiture proceeding is part of the substantive offense. First, Rule 7(c)(2) relates only to notice, not to proof. *See United States v. Sandini,* 816 F.2d 869, 875 (3rd Cir.1987) ("Notice of the proposed action, however, reflects an aspect of due process unrelated to the necessity of proving each element of the offense."). Second, advisory notes do not have the force of law but are merely explanatory.[10] Most importantly, the advisory notes were written prior to the passing of the 1984 criminal forfeiture amendments. The enactment of section 853 clarified congressional intent that forfeiture is not an element of the crime but rather a part of sentencing and thus "the assumption in the commentary is simply incorrect." *United States v. Hernandez-Escarsega,* 886 F.2d 1560, 1578 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990).

ceeds from an offense may be fined not more than twice the gross profits or other proceeds.

7. *See Train v. Colorado Public Interest Research Group, Inc.,* 426 U.S. 1, 9–10, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976) (Legislative history should be referenced when it will aid in the interpretation process, "however clear the words [of the statute] may appear on 'superficial examination.'"). (citations omitted).

8. Elgersma adopted the original panel's opinion as his brief before the en banc court.

9. The legislative history of the 1984 amendments cites Rules 31(e) for this proposition. 1984 U.S.C.C.A.N. at 3182, 3377 n. 15. That portion of the legislative history, however, pertains to the forfeiture statutes prior to the 1984 amendments.

10. The note mentions that it is only making an "assumption." *Sandini,* 816 F.2d at 875 n. 7.

■ The plain wording of the statute and the legislative history characterize criminal forfeiture as punishment for the crime. Congressional intent is clear; we, therefore, hold that criminal forfeiture is part of the sentencing process and not an element of the crime itself. Accordingly, because due process does not require the beyond a reasonable doubt standard to apply to the sentencing process, Congress has the authority to apply a less strenuous standard of proof than the beyond a reasonable doubt standard to criminal forfeiture.

### B. The Preponderance of the Evidence Standard Applies to Forfeiture Under Section 853(a)(1)

■ Since we have determined that Congress may apply a less strenuous standard of proof than the beyond a reasonable doubt standard to criminal forfeiture, we must next determine which standard of proof Congress intended to apply to forfeiture under section 853. We start by again looking to the statutory language. *Blum*, 465 U.S. at 896, 104 S.Ct. at 1547–48. Section 853(d) [11] provides that the property of a person convicted of certain felonies "is subject to forfeiture" if the government "establishes by a preponderance of the evidence" that the property was acquired during the period of the crime or within a reasonable time thereafter and that there was no likely source for such property oth-

er than the crime. Consequently, the property would be subject to forfeiture, unless the defendant rebuts the presumption by presenting sufficient evidence to the contrary. This presumption would have no significance if the government was still required to prove forfeiture beyond a reasonable doubt. *Hernandez–Escarsega*, 886 F.2d at 1577.[12] Accordingly, section 853(d) authorizes the use of the preponderance standard.

The language of the section 853(d) presumption clearly addresses the property outlined in section 853(a)(1). Section 853(a)(1) relates to "proceeds" of narcotics violations obtained directly or indirectly. Section 853(d) relates to property acquired during the period of the violation or within a reasonable time thereafter, and for which there is no likely source other than the narcotics violation. While section 853(d) does not specifically state that it is referring to "proceeds," it logically follows that property acquired during or soon after a violation with no other likely source other than the violation is simply a more sophisticated way of saying "proceeds" resulting from the violation. This interpretation is strengthened by the legislative history for section 853(d), which states that the presumption will be useful in obtaining forfeiture of the "huge profits produced by illicit drug trafficking." 1984 U.S.S.C.A.N. at 3182, 3395. Not only are profits and pro-

---

**11.** Section 853(d) reads:

(d) Rebuttable presumption

There is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter or subchapter II of this chapter is subject to forfeiture under this section if the United States establishes by a preponderance of the evidence that—

(1) such property was acquired by such person during the period of the violation of this subchapter or subchapter II of this chapter or within a reasonable time after such period; and

(2) there was no likely source for such property other than the violation of this subchapter or subchapter II of this chapter.

**12.** The legislative history for § 853(d) cites *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). 1984 U.S.C.C.A.N. at 3182, 3395 n. 54. *Allen* held that a permissive and rebuttable presumption with regard to the

substantive offense, not sentencing, was constitutional where the government must prove guilt beyond a reasonable doubt. *Allen*, 442 U.S. at 163–67, 99 S.Ct. at 2227–30. One court claimed that the Senate Report's cite to *Allen* indicated a desire to retain the constitutional requirement of proof beyond a reasonable doubt in forfeiture, although the government is entitled to certain presumptions under a lower standard of proof as part of its case. *United States v. Pryba*, 674 F.Supp. 1518, 1520–21 (E.D.Va.1987), *aff'd*, 900 F.2d 748 (4th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990). We agree with the Ninth Circuit that the reason *Allen* was cited in the legislative history was "that the rebuttable nature of the presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof. Thus, the point is that a rebuttable presumption is permissible whereas a conclusive presumption would not be." *Hernandez–Escarsega*, 886 F.2d at 1577 n. 10.

ceeds synonymous, but the legislative history further states that the purpose of the presumption is to aid in the forfeiture of "proceeds." *Id.* Accordingly, the section 853(d) presumption and, therefore, the preponderance of the evidence standard applies to property subject to forfeiture under section 853(a)(1), the proceeds of narcotics violations.

This holding is further supported by section 853(*o*), which provides that "[t]he provisions of this section shall be liberally construed to effectuate its remedial purposes." [13] In enacting section 853, Congress intended to save "valuable judicial and law enforcement resources," 1984 U.S.C.C.A.N. at 3182, 3380, by eliminating the need for separate, duplicative proceedings. The legislative history consistently reflects the aim of expediting the forfeiture of drug-related "proceeds." That goal would be frustrated if the beyond a reasonable doubt standard was required in forfeiture proceedings against drug proceeds because the government would likely choose to pursue a civil forfeiture action under section 881, which allows proof by preponderance of the evidence. Hence, section 853 would remain largely unused and, contrary to congressional intent, contribute little to more efficient forfeiture proceedings. Holding that the presumption, and thus the preponderance standard, applies to property forfeitable under section 853(a)(1) is consistent with the legislative history for sec-

tion 853(d) which states that its purpose is to facilitate forfeiture of "proceeds," not to facilitate all forfeitures. 1984 U.S.S.C.A.N. at 3182, 3395.[14]

Elgersma argues that there are references to the standard of proof in the Senate Report indicating that the beyond a reasonable doubt standard is required in criminal forfeiture.[15] He avers that the Report twice states that the standard of proof for civil forfeiture was lower than that for criminal forfeiture. 1984 U.S.C.C.A.N. at 3182, 3379, 3393. These references, however, pertain to the law prior to the enactment of section 853.[16] One of Congress' reasons for passing the Comprehensive Crime Control Act of 1984 was to correct the "problem[s]" with what were the then "current forfeiture statutes." *Id.* at 3375 ("This bill is intended to eliminate the statutory limitations and ambiguities that have frustrated active pursuit of forfeiture by Federal law enforcement agencies."). Elgersma also notes that in discussing the burden of proof in subsequent ancillary proceedings where third parties challenge forfeiture, the Report states that "[s]ince the United States will have already proven its forfeiture allegations in the criminal case beyond a reasonable doubt, the burden of proof at the hearing will be on the third party." *Id.* at 3392. However, this reference does not relate to criminal forfeiture under the CCE which is the subject of this case; rather, the reference relates to crimi-

13. The rule of lenity has no application to this statute. "[T]hat 'rule,' as is true of any guide to statutory construction, only serves as an aid for resolving an ambiguity.... The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." *Callanan v. United States,* 364 U.S. 587, 596, 81 S.Ct. 321, 326–27, 5 L.Ed.2d 312 (1961) (footnote omitted). Further, " '[t]he canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose.... Nor does it demand that a statute be given the "narrowest meaning;" it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers.' " *United States v. Moore,* 423 U.S. 122, 145, 96 S.Ct. 335, 347, 46 L.Ed.2d 333 (1975), *quoting United States v. Brown,* 333 U.S. 18, 25–26, 68 S.Ct. 376, 380, 92 L.Ed. 442 (1948). *See also Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S.

479, 491 n. 10, 105 S.Ct. 3275, 3282 n. 10, 87 L.Ed.2d 346 (1985) (the strict construction principle and the rule of lenity are identical). As demonstrated throughout this opinion, the fair meaning of section 853 and the intent of Congress was for the preponderance of the evidence standard to apply to criminal forfeitures under section 853(a)(1).

14. Because Congress recognized the increased difficulty in identifying drug proceeds it is logical that it would have reduced the standard of proof necessary to prove drug proceeds forfeitable.

15. *See Elgersma,* 929 F.2d at 1544–45.

16. One of the paragraphs that contains this language begins, "A third major problem with *current* forfeiture statutes...." *Id.* (emphasis added).

nal forfeiture under RICO. While the forfeiture provisions of the CCE and RICO are similar, they are not identical. The most significant difference between the two provisions, as it relates to the present case, is that the forfeiture provisions under RICO do not include the rebuttable presumption that section 853(d) provides, which establishes the preponderance of the evidence standard.

The Supreme Court has examined section 853 in two related cases concerning the Sixth Amendment; however, neither addressed the question of the applicable burden of proof. *See Caplin & Drysdale v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); *United States v. Monsanto*, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989).[17] Three other circuits have addressed this issue directly and unanimously concluded that Congress intended the standard of proof in criminal forfeiture under section 853 to be the preponderance of the evidence standard. *United States v. Herrero*, 893 F.2d 1512, 1541–42 (7th Cir.), *cert. denied*, 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990); *Hernandez–Escarsega*, 886 F.2d at 1576–78; *Sandini*, 816 F.2d at 874–76.[18] While these cases discuss the preponderance of the evidence standard as it applies to property forfeitable under section 853 generally, and not just property forfeitable under section 853(a)(1), a closer examination of two of these cases reveals that their holdings are consistent with our holding in the present case.

In *Herrero* the court found the preponderance of the evidence standard applicable and the property forfeitable because the property was obtained (1) during the drug conspiracy, and (2) there was no other likely source for the property other than the conspiracy. *Herrero*, 893 F.2d at 1542. Therefore, *Herrero* held that the preponderance standard applies to property which meets the section 853(d) requirements, i.e., drug proceeds.

The similarity between the holding in *Hernandez–Escarsega* and our holding here is even more apparent. The Ninth Circuit explained that the requirements needed for the section 853(d) presumption to apply are identical to factual determinations prescribed in section 853(a)(1). *Hernandez–Escarsega*, 886 F.2d at 1576. ("If the jury found the predicate facts of section 853(d), it also had to be convinced by a preponderance of the evidence of the ultimate factual determination prescribed in section 853(a)(1), that the property be obtained directly or indirectly from the continuing criminal enterprise."). Therefore, our holding that the presumption applies to property forfeitable under section 853(a)(1), is in accord with the Ninth Circuit's holding in *Hernandez–Escarsega*.

■ Elgersma's residence in Marathon, Florida, was found not to be forfeitable under section 853(a)(1); rather, this property was found forfeitable under sections 853(a)(2) and (3). Since it is debatable whether the section 853(d) presumption and the preponderance standard it employs applies to the forfeiture of the property in Marathon, Florida, there remains a question as to whether the district court committed plain error in finding it forfeitable.[19]

---

**17.** The Court described without discussion the district court proceedings in which a jury found beyond a reasonable doubt that the assets were forfeitable. *Monsanto,* 491 U.S. at 605 n. 4, 109 S.Ct. at 2661 n. 4.

**18.** *But cf. United States v. Monsanto,* 852 F.2d 1400, 1412 n. 1 (2nd Cir.1988) (Mahoney, J., dissenting) (noting that the beyond a reasonable doubt standard is the majority rule for forfeiture.), *rev'd on other grounds,* 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *United States v. Nichols,* 841 F.2d 1485, 1500 (10th Cir.1988) (involved pre-conviction restraint, thus § 853(d), was not at issue; however, the court stated that the government must prove a

forfeiture allegation in the same manner that it must prove any other allegation in an indictment).

**19.** This is the standard of review urged by both parties. Elgersma's lawyer did object somewhat to the jury instructions given on the preponderance of the evidence standard, although in an equivocal fashion. He apparently believed the forfeiture proceeding was a civil rather than a criminal proceeding, and upon being corrected by the district court he stated that criminal proceedings "have always required that the standard of evidence be beyond and to the exclusion of every reasonable doubt." When the district court had earlier requested objections to the

We agree with the panel decision that the district court did not commit plain error and we adopt the panel's reasoning in that regard. *See Elgersma,* 929 F.2d at 1550–51.[20]

### III.  CONCLUSION

Congress intended, pursuant to its power under the Due Process Clause, to enact the preponderance of the evidence standard to criminal forfeiture proceedings under section 853(a)(1) because forfeiture is part of sentencing and not an element of the offense.  Therefore, we hold that section 853(a)(1) criminal forfeitures are governed by the preponderance of the evidence standard.  We further hold that the district court did not commit plain error in finding the Marathon, Florida, property forfeitable under sections 853(a)(2) and (3).  We affirm Elgersma's convictions and the district court's order of forfeiture.

AFFIRMED.

KRAVITCH, Circuit Judge, specially concurring:

As was noted in the panel opinion in this case, the question of which standard of proof applies to section 853(a) is an extremely close question; the majority *en banc* opinion makes a convincing case for adoption of the "preponderance" standard, and I join that opinion.

Nevertheless, the majority fails to address one important issue.  In the panel opinion, we stated that "there is no statutory requirement that criminal forfeiture be a separate, bifurcated proceeding." *Elgersma,* 929 F.2d at 1549 n. 24; *see also id.* at 1545, n. 17.  Several circuits have explicitly declined to require such bifurcation. *See United States v. Jenkins,* 904 F.2d 549,

557–58 (10th Cir.1990), *cert. denied,* ——— U.S. ———, 111 S.Ct. 395, 112 L.Ed.2d 404 (1991); *United States v. Perholtz,* 842 F.2d 343 (D.C.Cir.) (per curiam), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988).  Other courts have exercised their supervisory powers to require bifurcation of *in personam* forfeiture proceedings from the guilt phase of a criminal trial. *United States v. Sandini,* 816 F.2d 869, 874 (3d Cir.1987) ("After [a jury finding of guilt], both the prosecution and the defense may present evidence to the same jury, which can resolve the forfeiture issue through a special verdict pursuant to [Fed. R.Crim.P. 31(e) ]."; *United States v. Feldman,* 853 F.2d 648, 662 (9th Cir.1988), *cert. denied,* 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989) (requiring separate jury instructions, deliberations and closing arguments for forfeiture after guilt phase, but declining to require evidentiary hearings in all cases).

Various concerns have motivated courts to require some form of bifurcation.  The *Sandini* court recognized that a defendant subjected to a unitary proceeding in which both guilt/innocence and forfeitability of assets were determined was faced with a Hobson's choice between testifying to preserve his assets, and remaining silent to avoid self-incrimination:

> If [the defendant] wished to testify, for example, that some of the property was outside the reach of the statute, he was required to take the stand in the guilt phase.  Once having chosen to testify, even in a very narrow area, he could have been exposed to cross-examination on at least some aspects of the offenses charged.  A criminal defendant who takes the stand waives, to some extent, his right to remain silent.

jury instruction, however, Elgersma's lawyer failed to raise any, and he concedes that plain error is the proper standard of review.

**20.** Criminal forfeiture has historically carried the beyond a reasonable doubt standard. *See* 1984 U.S.C.C.A.N. at 3182, 3379, 3393.  The only reference to the lower standard derives from the section 853(d) presumption.  Since the precise language of the 853(d) presumption appears to track the language of section 853(a)(1) only, there is uncertainty as to which standard of

proof Congress intended to apply to forfeitures under section 853(a)(2) and (3).  This issue, however, was not argued by the parties to the district court, the original panel, nor in written or oral arguments to the en banc court.  Because we hold that the district court did not commit plain error in finding the residence in Marathon, Florida, forfeitable, we need not reach the question of which standard applies to forfeiture under sections 853(a)(2) and (3).

*Sandini,* 816 F.2d at 873–74; *See also Feldman,* 853 F.2d at 661–62. Thus, courts have recognized that "the right of rebuttal [provided for in 21 U.S.C. § 853(d)] may be illusory when made contingent on waiving the privilege not to testify during trial." *Sandini,* 816 F.2d at 874 (quoted in *Jenkins,* 904 F.2d at 557).

Our holding in this case makes the need for such bifurcation even more manifest. A jury required to consider guilt and forfeitability during the same unitary proceeding could well be misled into applying a preponderance standard not only to the forfeiture aspects of a criminal trial, but also to those aspects of the trial pertaining to guilt or innocence which demand proof beyond a reasonable doubt. The trial court in this case did in fact bifurcate the proceedings to some degree, charging the jury on forfeiture and the applicable standard of proof after it had returned a guilty verdict. No such bifurcation is required in this circuit, however, raising the possibility that a unitary proceeding on forfeiture and guilt would operate to a criminal defendant's substantial prejudice, given two different standards of proof and the attendant possibility of jury confusion. *See Jenkins,* 904 F.2d at 559. *See also United States v. Cauble,* 706 F.2d 1322, 1348 (5th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *United States v. Maling,* 737 F.Supp. 684, 705 (D.Mass.1990) (bifurcation promotes fairness and efficiency), *aff'd United States v. Richard,* 943 F.2d 115 (1st Cir.1991).

The fact that a court properly could instruct a jury as to the different standards of proof provides insufficient protection against jury confusion. As the Supreme Court stated in *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968), "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *See also United States v. One Parcel of Real Estate,* 963 F.2d 1496 (11th Cir.1992). This situation presents such a context, and in my view makes a bifurcation requirement of critical importance.