**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Susan D. BIERI and Leonard Bieri,
III, Defendants–Appellants.**

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Leonard BIERI, III, Defendant–Appellee,**

**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Susan D. BIERI, Defendant–Appellee.**

Nos. 93–2157, 93–2372, 93–2373.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1993.

Decided April 13, 1994.

Rehearing and Suggestion for
Rehearing En Banc Denied
May 20, 1994.

---

James R. Wyrsch, Kansas City, MO, argued (Jacqueline A. Cook, on the brief), for appellant.

Cynthis J. Hyde, Springfield, MO, argued (Richard E. Monroe, on the brief), for appellee.

Before HANSEN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, and JACKSON,** District Judge.

HANSEN, Circuit Judge.

Susan and Leonard Bieri appeal the district court's order of criminal forfeiture pursuant to 21 U.S.C. § 853(a)(2) of what we shall refer to as "tract four" of the Bieris' four-tract dairy farm, and the government cross-appeals. The Bieris contend that the district court erred by (1) applying the wrong standard of proof to determine forfeitability, (2) using improperly obtained evidence to support the order of forfeiture, and (3) failing to consider proportionality under the Eighth Amendment. On cross-appeal, the government contends that the district court erred in ordering forfeiture of only one tract of the farm. We affirm in part and reverse in part.

## I. BACKGROUND

In this case, we address the Bieris' appeal of the district court's order of criminal forfeiture. In a separate opinion which we also

---

* The HONORABLE JOHN R. GIBSON was an active judge of this circuit at the time this case was submitted and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

file today, we affirm the Bieris' criminal convictions and set forth in detail the facts upon which the district court convicted the Bieris of criminal drug charges. *See United States v. Bieri*, 21 F.3d 811, 814 (8th Cir.1994). We will repeat here only those facts necessary for resolution of the forfeiture issues.

Susan and Leonard Bieri acquired a dairy farm by warranty deed in January of 1984. The single deed describes four tracts of real property; three of the tracts are located in Taney County, Missouri, and one in Ozark County, Missouri. (Appellants' App. at 66.) The four tracts are contiguous. The farm's house and outbuildings are located on tract four.

In January of 1992, law enforcement officers obtained and executed a search warrant for the Bieris' farm. Pursuant to the warrant, the officers seized approximately 141 pounds of marijuana, cash, a loaded gun, brown wrapping material, and other drug paraphernalia, all found in the house and outbuildings on tract four. Subsequently, a grand jury indicted Susan and Leonard by a superseding indictment on charges of conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana, use of a firearm in relation to a drug trafficking offense, and forfeiture of their farm which was alleged to have been used to commit or to facilitate drug trafficking. The Bieris moved to suppress the evidence obtained as a result of the search, but the district court overruled the motions. Following a bench trial, the district court acquitted the Bieris of the firearm charges and convicted them of conspiracy to possess with intent to distribute and possession with intent to distribute marijuana. The district court found by a preponderance of the evidence that the Bieris had used their property to facilitate drug trafficking. At the sentencing hearing, the district court ordered forfeiture only of tract four of the farm containing the house and outbuildings. The Bieris appeal, and the government cross-appeals, the order of forfeiture.

## II. DISCUSSION

The Bieris first argue that the district court erred in applying a preponderance of the evidence standard to determine that the Bieris used their property for drug trafficking, rather than requiring the government to prove that fact beyond a reasonable doubt.

We begin our analysis with the language of the statute because the applicability of the reasonable doubt standard depends upon how the Congress has defined the offense. *McMillan v. Pennsylvania*, 477 U.S. 79, 85, 106 S.Ct. 2411, 2416, 91 L.Ed.2d 67 (1986). It is a fundamental principle that due process requires the government to prove guilt in a criminal proceeding beyond a reasonable doubt as to each element of an offense. *See In re Winship*, 397 U.S. 358, 361–64, 90 S.Ct. 1068, 1071–73, 25 L.Ed.2d 368 (1970). A sentencing sanction, however, comes into play only after the defendant has been found guilty of an offense beyond a reasonable doubt, and a factor used to determine the sentence does not itself invoke the right to proof beyond a reasonable doubt. *See McMillan*, 477 U.S. at 86, 106 S.Ct. at 2416; *United States v. Galloway*, 976 F.2d 414, 425 (8th Cir.1992) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993). *See also United States v. Coleman*, 990 F.2d 419, 421 (8th Cir.1993) (prove factual prerequisites to sentence enhancement by a preponderance of the evidence). The language of section 853(a) indicates that Congress intended criminal forfeiture of property to be a punishment and the use of the property to commit or to facilitate a drug trafficking offense to be its factual underpinning, and not a separate offense. Section 853(a) states in part as follows:

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; ...

. . . .

The court, in imposing sentences on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. . . .

21 U.S.C. § 853(a).

Section 853(a) does not explicitly state what standard of proof is required for criminal forfeiture. Section 853(a) expressly states, however, that it shall apply to persons *convicted* of a drug offense and that in imposing *sentence* on such a person, the court must, "in addition to any other sentence imposed," order forfeiture of all property described in section 853(a). 21 U.S.C. § 853(a); *see also United States v. Elgersma*, 971 F.2d 690, 692–93 (11th Cir.1992) (en banc). Congress has clearly designated criminal forfeiture as part of the sentencing or punishment phase of a criminal proceeding and has given no indication that a higher standard of proof applies than normally applies at sentencing. Thus, although charged as a count in the indictment, criminal forfeiture is neither an element of a criminal offense nor a criminal offense itself. Therefore, proof beyond a reasonable doubt is neither constitutionally nor statutorily mandated. *See Elgersma*, 971 F.2d at 693–94.

Furthermore, section 853(d) creates a rebuttable presumption that property is subject to criminal forfeiture "if the United States establishes by a preponderance of the evidence that" the defendant acquired the property during the period of the drug violation or within a reasonable time thereafter and that there was no likely source for the property other than drug proceeds. "This presumption would have no significance if the government was still required to prove forfeiture beyond a reasonable doubt" of property acquired by drug proceeds under section 853(a)(1). *Elgersma*, 971 F.2d at 694. The presumption of section 853(d) is a clear indication that Congress intended criminal forfeiture under section 853(a)(1) (property acquired with drug proceeds) to be proven by a preponderance of the evidence. There is no similar presumption or statement of the bur-

den of proof relating to section 853(a)(2) (property used to facilitate a drug crime) which applies to the Bieris' case. Nevertheless, it is significant that section 853 gives no indication that Congress intended a higher standard of proof for property used to commit or to facilitate a drug crime under section 853(a)(2) than is required for property acquired with the proceeds of a drug violation under section 853(a)(1). Absent either a constitutional requirement or statutory language indicating a higher burden of proof, there is simply no principled distinction between the two types of forfeitable property that would justify a higher burden of proof to forfeit property used to facilitate a drug crime than is required to forfeit property acquired with drug proceeds. The defendant's putative property rights in both kinds of property are identical. "No federal court of appeals . . . has construed section 853 to differentiate between proceeds of the offense and other property on the burden of proof necessary for forfeiture." *United States v. Smith*, 966 F.2d 1045, 1051 (6th Cir.1992) (a § 853(a)(2) case).

Other circuits that have considered the issue have held that the preponderance of the evidence standard is the proper standard in criminal forfeiture cases. *See Elgersma*, 971 F.2d at 694–97; *Smith*, 966 F.2d at 1052; *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1577 (9th Cir.1989), *cert. denied*, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990); *United States v. Sandini*, 816 F.2d 869, 875–76 (3d Cir.1987). We agree. Accordingly, we conclude that the district court did not err in determining the forfeitability of the Bieris' property by using a preponderance of the evidence standard.

The Bieris contend that this court's statement in *United States v. Wiley*, 997 F.2d 378, 384 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993), that "[o]ur standard for reviewing the jury's finding of forfeiture is whether, in the light most favorable to the prosecution, any reasonable jury could have found the property forfeitable beyond a reasonable doubt," is controlling. We disagree. We find that this statement has been severely undercut by two United States Supreme Court cases filed the

same day that we filed *Wiley*.[1] *See Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993); *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In *Alexander,* the Supreme Court stated that criminal forfeiture "is clearly a form of monetary punishment" and should be analyzed under the Excessive Fines Clause of the Eighth Amendment.[2] —— U.S. at ——, 113 S.Ct. at 2775–76. In *Austin,* the Court held that civil forfeiture also is a form of punishment subject to Eighth Amendment limitations of the Excessive Fines Clause. —— U.S. at ——, 113 S.Ct. at 2812. These cases clearly indicate that forfeiture, either criminal or civil, is intended to be a form of punishment akin to a sentencing enhancement, and not a separate offense. Thus, our statement in *Wiley* can no longer be binding authority on the correct burden of proof in forfeiture cases, if it ever was.

The Bieris next argue that the forfeiture is improper because the district court erroneously relied on evidence obtained pursuant to an invalid search warrant to support the order of forfeiture. Because we conclude today in the Bieris' criminal appeals that the anticipatory search warrant was valid, this argument fails. *See United States v. Bieri,* 21 F.3d 811, 814–16 (8th Cir.1994).

The Bieris' final argument, concerning the proportionality of the forfeiture, is intertwined with the government's contention on cross-appeal that the district court erred in forfeiting only one tract of the farm. Before addressing the proportionality of the forfeiture, we must define what portion of the Bieris' farm is "property" subject to forfeiture under section 853. The government contends that the district court should have forfeited the entire farm, and the Bieris contend that the district court correctly considered the farm as four separate tracts and only forfeited one of them.

■ Section 853(a) states in relevant part that a person convicted of a drug offense "shall forfeit to the United States ... any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a drug offense. 21 U.S.C. § 853(a)(2). "By specifying that property is subject to forfeiture if it was used 'in any manner or part' to commit or facilitate a drug offense, Congress plainly provided for forfeiture of property even where only a portion of it was used for the prohibited purposes." *United States v. Littlefield,* 821 F.2d 1365, 1367 (9th Cir.1987). Thus, if a defendant uses any part of a piece of property to commit or to facilitate a drug offense, the district court is required to forfeit the whole property. *See Smith,* 966 F.2d at 1053.

■ There remains some uncertainty in spite of the clear language of the statute because the statute does not clearly define what constitutes one piece of "property." Congress provided only minimal guidance, stating that a liberal construction of section 853 is necessary "to effectuate its remedial purposes." 21 U.S.C. § 853(*o*). The Sixth Circuit in *Smith* held that a four-tract farm should be treated as four separate properties because the property consisted of four separate tracts purchased in four separate instruments of transfer executed on four separate dates. 966 F.2d at 1054. The *Smith* court

---

1. We also note that the *Wiley* court offered no analysis to justify the standard articulated, and more importantly, the standard of proof was not at issue in *Wiley*. The *Wiley* court merely applied the standard of proof that the district court had applied, and that standard was not questioned on appeal.

2. *Alexander* involved forfeiture under the Racketeer Influenced and Corrupt Organizations Act (RICO), pursuant to 18 U.S.C. § 1963(a). This statute requires in part that "[t]he court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this section, that the person forfeit to the

United States all property described in this subsection." 18 U.S.C. § 1963(a). This language is identical to that found in 21 U.S.C. § 853(a). Thus, we conclude that the same Eighth Amendment Excessive Fines analysis applies for criminal forfeiture under 21 U.S.C. § 853(a). We note, however, that while a portion of the forfeiture language is the same, RICO does not contain any provision like § 853(d), and the statutory analogy cannot be completely carried over to the burden of proof. *See United States v. Pelullo,* 14 F.3d 881, 902–03 (3d Cir.1994). We also note a different legislative history for the drug forfeiture statute. *See id.* at 903.

found that the natural source for defining "property" subject to forfeiture is the instrument creating the defendant's interest in the property. *See id.* at 1053; *see also United States v. Reynolds,* 856 F.2d 675, 676–77 (4th Cir.1988) (same analysis under civil forfeiture statute). We agree. Although the owner may view a single piece of property as separable tracts, the owner's subjective characterization of the property cannot serve as the basis for determining what constitutes "property" under section 853. *See Smith,* 966 F.2d at 1053. We adopt the Sixth Circuit's rule that "tracts of real property subject to forfeiture under section 853 are defined by the instruments and documents that created the defendant's interest in the property." *Id.* at 1054.

Unlike Smith, who acquired his four-tract farm in four separate instruments, the Bieris acquired all four tracts comprising their farm as a single unit in a single deed. The deed describes four individual but contiguous tracts of real property, historically described as separate tracts but owned and conveyed as a single unit even before the Bieris' purchase of the property. The historical description of the property, like the owner's subjective characterization of the property, is inapposite. The critical facts are that the Bieris purchased the property as a whole, at a single time, that it was conveyed to them in one instrument, and that the property is contiguous. These facts indicate that the property is in fact a single unit for purposes of section 853(a), and this interpretation is consistent with the congressionally mandated liberal construction and remedial purpose of section 853(a). *See* 21 U.S.C. § 853(*o*). We conclude that section 853(a) required the district court to forfeit the whole farm, and therefore, the district court erred in forfeiting only tract four.[3]

Finally, we address the Bieris' constitutional claim that the forfeiture of their property amounts to an excessive fine and cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment does not apply in the context of criminal forfeiture. *See Alexander,* —— U.S. at ——, 113 S.Ct. at 2775 (Cruel and Unusual Punishment Clause is concerned with the durations and conditions of confinement). However, the Eighth Amendment's prohibition against excessive fines applies because a criminal forfeiture is a "fine" for purposes of the Excessive Fines Clause. *Id.* at ——, 113 S.Ct. at 2775–76. Accordingly, courts must consider the proportionality of the forfeiture, which requires a fact-specific evaluation of all the circumstances of the illegal activity including the extent of the defendants' criminal drug activities and the amount of time that they conducted those activities in order to determine whether the forfeiture was unconstitutionally "excessive." *See id.* at ——, 113 S.Ct. at 2776. If the district court determines that the forfeiture constitutes an unconstitutionally excessive fine given the specific facts of a particular case, the district court may then order forfeiture of less than the whole in an effort to preserve the forfeiture by tailoring it to fit within the broad boundaries of constitutional proportionality.

The Bieris argue that their criminal activity was not extensive, that it did not encompass a substantial period of time, and that only a minimal relationship existed between the property and their criminal offenses. The district court's order of forfeiture does not contain any findings of fact on the proportionality issue. Although the district court ordered forfeiture of only one tract of the forfeitable property, the court did not indicate that it engaged in a proportionality analysis that required this result.

---

**3.** The dissent's call to have a particularized finding of fact as to what "portion" of the entire farm was used to facilitate the drug dealing in order to define what property is forfeitable would render meaningless the Congress's mandate that the whole of the property should be forfeited if used "in any manner or part" for illegal purposes. 21 U.S.C. § 853(a)(2). As the dissent points out, the record already contains the trial court's findings that "I don't think there's any question whatsoever but what this farm was being used to facilitate drug trafficking." (Trial Tr. at 139.) In our view, the dissent fails to distinguish between what property Congress has declared to be forfeitable by statute and what property the Constitution will allow to be forfeited in any particular case.

In order for this court to provide a meaningful review, the district court must make express findings of fact to support its proportionality analysis. The district court may order forfeiture of less than the whole farm only upon express factual findings supporting a determination that, based upon all of the circumstances of the case including the extent and length of the defendant's drug activity, forfeiture of the whole would be an excessive fine. We remand with instructions for the district court to expressly consider and determine the excessive fine issue.

## III. CONCLUSION

The district court did not err in applying a preponderance of the evidence standard to determine that the Bieris' farm was forfeitable. The district court erred, however, by ordering forfeiture of only tract four of the four-tract farm, which was purchased in a single instrument as a single contiguous unit of property, without engaging in a proportionality analysis. Accordingly, we reverse the order of forfeiture and remand to the district court for the entry of a judgment forfeiting the entire farm, unless the district court on remand determines that the forfeiture of the entire farm amounts to a constitutionally excessive fine under the Eighth Amendment, in which case the district court should enter such judgment of forfeiture as it deems in accord with the Constitution.

JOHN R. GIBSON, Senior Circuit Judge, concurring in part and dissenting in part.

I agree with the court that the preponderance of evidence standard is proper in criminal forfeiture cases and that a proportionality analysis must be made. The district court understandably did not make such an analysis, as *Alexander v. United States,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), and *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), were not decided at the time of the district court's forfeiture decision. I respectfully dissent, however, on what constitutes "property" and the extent of forfeiture appropriate in this case. The court errs in looking only to the document conveying title to determine "property" for the purpose of forfeiture.

The court adopts the Sixth Circuit's rule in *Smith* that a court should look at the instrument or documents creating the property interest to determine whether the property is a single unit or divisible. *See* 966 F.2d 1045, 1053 (6th Cir.1992). *Smith* is much different than the case before us today. The Smiths initially acquired the land through four separate conveyances. *Id.* at 1054. Upon the Smith's divorce, the wife conveyed her interest in the four tracts to her husband by a single quit claim deed. *Id.* The court found that the transfer by quit claim deed did not create Mr. Smith's interest, but rather that he obtained the property through four separate deeds. *Id.* The district court then ordered only one tract forfeited. *Id.* at 1055–56.

Although the Bieris acquired all four tracts to their farm through a single general warranty deed, the deed described the four tracts separately, as tract one, tract two, tract three and tract four. Tracts two, three and four are located and taxed in Taney County, Missouri, and tract one is located and taxed in Ozark County, Missouri. In Missouri, land must be recorded in the real estate records of the county where it is located. *See* Mo.Rev.Stat. § 59.400 (1986 & Supp. 1993). Further, real property is taxed by the county of its situs. *See* Mo.Rev.Stat. § 137.-010–137.960 (1986 & Supp.1993) (Assessment and Levy of Property Taxes). In this case we should not look only to the deed or conveyance to determine whether the Bieris' farm, consisting of four tracts, is a single piece of property for forfeiture purposes. The question of whether the tracts are divisible for purposes of forfeiture is a factual issue, and indeed is intertwined with the proportionality issue.

I believe we should remand to the district court to consider several factual issues before ordering forfeiture. First, the district court should determine whether the entire farm, certain tracts or only portions of certain tracts were "used, or intended to be used, in any manner or part, to commit, or facilitate the commission of" the drug trafficking. *See* 21 U.S.C. § 853. Although the record contains findings of fact by the district court that the farm was used to facilitate the drug

trafficking, the court at sentencing ruled only that tract four be forfeited. I believe specific facts must be developed to demonstrate the extent of use of each of the tracts in the drug operation. The record is lacking in factual findings regarding which tract or tracts facilitated the drug trafficking.

For example, the record shows that Ruiz delivered marijuana to the house and that drugs were stored in the barn. Both the house and barn are located on tract four. The government introduced evidence that it was necessary to drive over other tracts to reach the house. In *Smith*, the court held that real property used to conceal the commission of an offense created a sufficient nexus to find that it facilitated the drug trafficking. 966 F.2d at 1055–56. Here, the district court should consider whether the other tracts concealed or in any other way facilitated the Bieris' drug trafficking operation, and make detailed findings of fact in determining which tracts should be forfeited.

I would reverse the order of forfeiture and remand to the district court with instructions to make additional findings of fact and to enter an order of forfeiture for the tract or tracts of the Bieris' farm that facilitated their drug trafficking.