**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY LOCATED AT 1215 KELLY ROAD, BELLINGHAM WASHINGTON, and its buildings, appurtenances, attachments, improvements, and easements, Defendant.**

No. C93–1036M.

United States District Court,
W.D. Washington,
at Seattle.

July 25, 1994.

Scott Ray, U.S. Atty., U.S. Dept. of Justice, Seattle, WA, for plaintiff.

Tario & Associates, Michael J. Tario, Bellingham, WA, for claimant.

## ORDER

McGOVERN, District Judge.

THIS MATTER comes before the Court by motion of the United States for summary judgment in its civil forfeiture action against the property located at 1215 Kelly Road, Bellingham, Washington. The claimants have contested the action on the grounds that (1) the evidence establishing probable cause for forfeiture was obtained through a search that violated the Fourth Amendment, (2) the forfeiture would amount to punishment in this case and would therefore be in violation of the Fifth Amendment's Double Jeopardy clause, and (3) forfeiture of the entire property would amount to an excessive fine in violation of the Eighth Amendment. At the suppression hearing of July 22, 1994, the Court ruled that the search did not violate the Fourth Amendment and that the Double Jeopardy issue is moot under the dual sovereignty doctrine and premature in any event. The Court now orders a hearing so that the parties may present evidence as to whether or not forfeiture of the entire property would be an excessive fine as prohibited by the Eighth Amendment.

The Supreme Court has recently held that a civil forfeiture, unless shown to serve entirely remedial purposes, must be considered punishment for purposes of the Eighth Amendment's Excessive Fines clause. *Austin v. United States*, — U.S. —, —, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993). The Court finds that forfeiture in this case would serve at least in part to punish and is therefore subject to Eighth Amendment limitations. The Court recognizes that the general rule has been that property subject to forfeiture is all that which was simultaneously conveyed by a single deed. *See, e.g., United States v. Reynolds*, 856 F.2d 675, 676 (4th Cir.1988). *But see United States v. 19 & 25 Castle Street*, 31 F.3d 35, 41 ("We think that parcels of property separately described in the local land records, whether or not conveyed to an owner by a single instrument, should be considered separately for forfeiture purposes except where it is unreasonable or physically impossible to treat the property separately."). Strict application of the general rule as stated in *Reynolds* would avoid consideration of the Eighth Amendment as required by *Austin*. Accordingly, this Court may choose to forfeit only a portion of the property, instead of the entire fifteen acres described by the claimants' deed, if it finds that forfeiture of the entire property would be an excessive fine. *See United States v. Bieri*, 21 F.3d 819, 824 (8th Cir.1994).

There are two tests that other courts have applied in deciding the excessive fines issue. The first considers "the proportionality of the forfeiture, which requires a fact-specific evaluation of all the circumstances of the illegal activity." *Bieri*, 21 F.3d at 824. The second test considers the relationship between the property and the offense to

766

determine whether the property may "properly be regarded as an instrumentality of the offense." *Austin,* —— U.S. at ——, 113 S.Ct. at 2815 (Scalia, J., concurring in part and concurring in the judgment). *See also United States v. 427 & 429 Hall St.,* 842 F.Supp. 1421, 1423 (M.D.Ala.1994); *United States v. 9638 Chicago Heights,* 831 F.Supp. 736, 737 (E.D.Mo.1993). Because neither test is sufficient in itself, this Court adopts a multi-factor approach and will consider both the relationship between the property and the offense as well as the relative severity of the fine as compared with the seriousness of the offense. The majority in *Austin* implicitly endorsed such an approach by noting that, while Justice Scalia's relationship-to-the-offense test was relevant, they did not want to keep the lower courts from considering other factors. —— U.S. at —— n. 15, 113 S.Ct. at 2812 n. 15.[1]

This Court finds persuasive the reasoning in *United States v. Zumirez,* 845 F.Supp. 725, 732 (C.D.Cal.1994), which proposed three factors that should be weighed, with no one of them being dispositive. The first factor is the harshness of the penalty as compared with the gravity of the offense. *Id.* With regard to this factor the court may consider the criminal penalties allowed for the claimants' activity, the magnitude and duration of the alleged criminal activity, the market value of the property, and the amount of equity the claimants have in the property. The second factor is "whether the property was an integral part of the commission of the crime." *Id.* at 732. This factor evolves from the traditional legal fiction in forfeiture actions that the property is guilty of an offense and is essentially the same as Justice Scalia's relationship-to-the-offense standard in *Austin. Id.* at 734. The third factor is "whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use." *Id.* at 732. This third factor is like the second factor except that the inquiry is quantitative rather than qualitative.

The Court will consider testimony and other evidence relating to all of these factors in deciding the excessive-fines issue. Further, the Court recognizes that the United States has made a prima facie case for forfeiture and that the burden is now upon the claimants to show that forfeiture of the entire fifteen acres would be an excessive fine and to suggest possible divisions of the property to avoid such an excessive fine.

The evidentiary hearing is set for 9:30 a.m. on Thursday, August 11, 1994.

The Clerk of the Court is directed to send copies of this Order to all counsel of record.

---

**1.** At least seven other courts have either explicitly or implicitly adopted some kind of multi-factor approach. *United States v. Bieri,* 21 F.3d 819, 824 (8th Cir.1994); *United States v. 24124 Lemay St.,* 857 F.Supp. 1373, 1379–1382 (C.D.Cal. 1994); *United States v. Myers,* 21 F.3d 826, 827 (8th Cir.1994); *United States v. 427 & 429 Hall St.,* 14 F.3d 864, 875 (3d Cir.1994); *United States v. 429 South Main St.,* 843 F.Supp. 337, 341 (S.D.Ohio 1993); *United States v. 11869 Westshore Drive,* 848 F.Supp. 107, 111 (E.D.Mich. 1994); *United States v. 6625 Zumirez,* 845 F.Supp. 725, 732 (C.D.Cal.1994).