# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1762

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Robert S. Prather, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 16, 2011
Filed: January 25, 2012

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert S. Prather pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).[1] The district court[2] sentenced Prather to 188 months' imprisonment and

_____

[1]The indictment also included a forfeiture allegation, which sought, pursuant to 21 U.S.C. § 853, "any property constituting, or derived from, any proceeds

ordered the forfeiture of $1,329 in United States currency seized from Prather on August 27, 2009, as well as a 2000 Lincoln Navigator. The court also entered a personal money judgment against Prather in the amount of $41,600. Prather appeals, arguing that the $41,600 personal money judgment must be set aside. For the following reasons, we affirm the district court.

## I. *Background*

On December 17, 2008, officers with the Kansas City, Missouri Police Department (KCMOPD) arrested Prather in the Deluxe Inn Motel parking lot. Pursuant to a lawful search of Prather's motel room, officers obtained, among other things, two clear, plastic baggies of crack cocaine, one weighing 28.7 grams and the other weighing 28.8 grams; four digital scales; and a laptop computer. Detectives interviewed Prather, who admitted to renting the motel room for the purpose of selling crack cocaine. Prather also told detectives that he bought two to three ounces of crack cocaine per week and broke the ounces down into $50 rocks for resale. Following the interview, detectives released Prather pending further investigation.

On August 4, 2009, an undercover KCMOPD detective and a confidential informant purchased $50 worth of crack cocaine from Prather. On August 27, 2009, the detective and informant attempted to make another $50 purchase of crack cocaine from Prather. Prather arrived at the designated location for the transaction but ultimately refused to make the sale. Prather was arrested, and officers found $329 in Prather's pants pocket and $1,000 in his right sock. During an interview with police,

---

obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations . . . ."

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Prather admitted to purchasing one to two ounces of crack cocaine each week and reselling it in smaller quantities. Prather estimated that he made about $800 in profit per ounce and had been selling for a year and a half. Prather also stated that he had not been selling over the last six months. Once again, detectives released Prather pending further investigation.

On September 19, 2009, the KCMOPD dispatched two officers to 2043 Parktower Drive, Kansas City, Missouri, on a report of a disturbance. When the officers arrived, they observed Prather and a female subject outside fighting. Prather went over to the driver's side of a 2000 Lincoln Navigator and shut and locked the door with the keys inside. When the officers looked through the window of the vehicle, they saw a large baggie containing what looked like crack cocaine in the front seat. The officers arrested Prather for possession of a controlled substance and domestic violence assault. Officers seized about $940 from Prather's pants pocket and 5.53 grams of crack cocaine from the Lincoln Navigator.

Prather was indicted for conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The indictment also contained a forfeiture allegation. The government sought forfeiture of $1,329 in United States currency that officers seized from Prather on August 27, 2009, Prather's 2000 Lincoln Navigator, and a personal money judgment in the amount of $60,000. The government based the $60,000 figure on Prather's statement to police that he had sold one to two ounces of crack cocaine per week at $800 per ounce for the last year and a half, or 78 weeks. Prather pleaded guilty to all four counts of the indictment but advised the district court that he would contest the amount of the personal money

judgment. At sentencing, Prather argued that there was insufficient evidence to support the personal money judgment. Prather's counsel stated:

> Judge, I think that what happens when our clients are being interviewed, particularly Mr. Prather, who did make efforts to cooperate just about every time he was interviewed, I think they have this idea that if the officers—the officers probably know they're not just a little fish and so if they can convince the questioning agent that they're a big fish, they might get to work their case off, and I think that clouds the way you should read those statements that they made when they are being arrested, because a part [from] his own statement . . . there's really no evidence he's rolling in dough.

The district court determined that Prather's statements were credible, including his statement that he had not sold crack cocaine for the last six months. As the court observed:

> The government believes that [Prather] sold at least an ounce a week for 78 weeks or a year and a half. Mr. Prather says he may have sold an ounce a week for that period of time but there was a six-month period [in] which he didn't. . . . I think that if I'm going to accept his statement that he said he sold an ounce or two ounces of crack cocaine a week, I'm also obligated to accept his statement that he didn't sell for a six-month period.

The district court found that Prather sold crack cocaine for 52 weeks and profited in the amount of $800 per week. The court sentenced Prather to 188 months' imprisonment, followed by five years of supervised release. The court ordered the forfeiture of $1,329 in United States currency seized from Prather on August 27, 2009, and the 2000 Lincoln Navigator. The court also entered a personal money judgment against Prather in the amount of $41,600 based on his testimony regarding his cocaine sales.

## II. *Discussion*

Prather's sole argument on appeal is that we should vacate the personal money judgment against him because insufficient evidence supports its amount.

> An asset is subject to forfeiture only if the government proves by a preponderance of the evidence such asset is "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of [a drug crime]" (proceeds prong) or was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation" (facilitation prong). 21 U.S.C. § 853; *see United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994) (applying preponderance of the evidence standard). We "review . . . factual findings for clear error but apply a de novo standard of review to [the issue] of whether or not those facts render the [asset] subject to forfeiture." *United States v. Dodge Caravan Grand SE/Sport Van*, 387 F.3d 758, 761 (8th Cir. 2004).

*United States v. Van Nguyen*, 602 F.3d 886, 903 (8th Cir. 2010) (alterations in original). If the defendant has insufficient assets at time of sentencing to satisfy the forfeiture order, the court may enter a money judgment against him. *United States v. Smith*, 656 F.3d 821, 827 (8th Cir. 2011) (holding that "[21 U.S.C.] § 853 permits imposition of a money judgment on a defendant who has no assets at the time of sentencing"). "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court may make the determination based on evidence in the record, or on additional evidence submitted by the defendant or evidence submitted by the government in support of the motion for the entry of a judgment of forfeiture." Fed. R. Crim. P. 32.2 advisory committee's notes to the 2000 amendments. The burden is on the government to prove by a preponderance of the evidence the

-5-

amount of the proceeds that should be subject to a personal money judgment. *Bieri*, 21 F.3d at 822.

We find no clear error in the district court's determination that Prather earned $41,600 from his crack cocaine offenses. In December 2008, police found 57.5 grams of crack cocaine, scales, and other drug paraphernalia in a hotel room that Prather rented. At that time, Prather told police that he sold crack cocaine out of the hotel room by purchasing two to three ounces each week and breaking it down into $50 rocks for resale. In August 2009, Prather sold $50 worth of crack cocaine to an undercover detective and confidential informant. Prather was arrested with $1,329 on his person. At that time, he told police that he earned approximately $800 for an ounce of crack cocaine and had sold one to two ounces per week for a year and a half, except for the preceding six-month period. When officers arrested Prather the following month, they found approximately $940 in his pocket and recovered 5.53 grams of crack cocaine from his vehicle.

Prather disputes the government's calculation by challenging the credibility of his own previous statement. Prather argues that his August 2009 statement regarding the amount of crack cocaine he sold is not credible because it was made at a time when he was trying to negotiate a deal for himself with police. As this court has stated, "[w]e are highly deferential to a district court's assessment of witness credibility," and "district court decisions in this regard are virtually unreviewable on appeal." *United States v. Jones*, 628 F.3d 1044, 1047 (8th Cir. 2011) (quotation and citation omitted). Furthermore, forfeiture orders can be entered in drug cases regardless of the defendant's assets at the time of sentencing. *Smith*, 656 F.3d at 827. "[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture." *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011). "Rather, district courts may use general points of reference as a starting point for a forfeiture calculation and make reasonable extrapolations supported by a preponderance of the evidence." *Id.* (quotations and citation omitted); *see United*

-6-

*States v. Huggins*, 392 F. App'x 50, 63 (3d Cir. 2010) (upholding a district court's determination of a forfeiture amount that was based on statements the defendant made about the amount of cocaine he possessed and law enforcement officers' statements regarding the price of cocaine at the time of the conspiracy). The district court did not clearly err by finding that Prather earned $41,600 from his crack cocaine offenses.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____