UNITED STATES of America,
Plaintiff—Appellee,

v.

Leslie SHEPHERD, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Barry Uko, Defendant—Appellant.

Nos. 04–50484, 04–50487.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided March 17, 2006.

---

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Daniel S. Linhardt, Courtney J. Linn, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant, Leslie Shepherd.

Barry Uko, Taylor, TX, pro se.

Shakti Murthy, Esq., Santa Monica, CA, for Defendant–Appellant, Barry Uko.

Before: BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Leslie Shepherd (case number 04–50484) and her husband, Barry Uko (case number 04–50487), were convicted by a jury for committing health care fraud in violation of 18 U.S.C. § 1347. Leslie Shepherd appeals her conviction. We affirm. Barry Uko does not contest his conviction, but he appeals his sentence on *Booker* grounds and claims that forfeiture of his home, ordered pursuant to 18 U.S.C. § 982(b)(1), violates his rights under the Due Process Clause and the Eighth Amendment. We issue a limited remand under *Ameline* but affirm the forfeiture order.

*Right to Confrontation*

■■■ Shepherd first argues that the district court denied her Sixth Amendment right of confrontation by permitting the prosecution to admit into evidence a redacted version of codefendant Uko's confession. However, no such written testi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mony, redacted or otherwise, was admitted into evidence. Instead, Uko's statements were mentioned only in testimony by Jeffrey Dubsick, the investigating officer who questioned Uko, and no questions were asked about Shepherd. Shepherd's argument that the jury could connect Shepherd to Uko because they shared a biller, Anceline Pal, is untenable in light of the fact that the relevant testimony does not so much as mention Shepherd, and Pal testified herself that she was a biller for the companies of both Shepherd and Uko. To the extent that Uko's statements were part of the trial record via Dubsick's testimony, those statements neither caused Shepherd prejudice nor violated the Supreme Court's decisions in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Furthermore, the complications typically associated with redacted statements—that is, that the clear implication that someone is not being mentioned encourages the jury to presume codefendant guilt—are not present in this case. *See, e.g., United States v. Parks*, 285 F.3d 1133, 1139 (9th Cir.2002). Finally, Shepherd did not properly preserve her argument that at minimum the trial judge should have instituted a limiting instruction, and we find no plain error. *See United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Although *Richardson v. Marsh* implies the importance of a limiting instruction, *see* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), any possible error here was meaningless, as the information presented to the jury was conveyed through other witnesses as well. Thus any error could not have contributed to the verdict.

*Joint Trial*

■ Shepherd argues next that the district court erred in failing to *sua sponte* sever her trial from Uko's. Because trial counsel failed to raise this point below, we review for plain error. We find none.

There is a strong preference in the federal system for joint trials of defendants indicted together. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Even in circumstances where defendants raise mutually antagonistic defenses, or where a defendant suffers demonstrable prejudice, severance may not be warranted. *Id.* at 538–39, 113 S.Ct. 933. "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* In this case, the codefendants do not have mutually antagonistic defenses, and Shepherd does not put forth a theory of prejudice that is anything more than inferential. Moreover, the jury was instructed to consider evidence about the acts of defendants only as they related to the charges against each of them. As such, she cannot meet the high burden to overcome the preference for joint trials. Because there was not "a serious risk that a joint trial would compromise a specific trial right [of Shepherd], or prevent the jury from making a reliable judgment about guilt or innocence," *id.* at 539, 113 S.Ct. 933, there is no plain error.

*Ineffective Assistance of Counsel*

■ Shepherd argues that because her attorney did not actively litigate to sever her trial from Uko's, she received constitutionally ineffective assistance of counsel. "This court usually declines to reach ineffectiveness challenges on direct appeal, because the claim cannot be advanced without development of facts outside the record." *United States v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir.1994). For proper analysis of this claim under the Su-

preme Court's standard in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1987), we would require further development of the record with regard to counsel's motivations and strategy. The claim is not viable on direct appeal.

*Sufficiency of the Evidence*

Shepherd argues, for the first time on appeal, that there was insufficient evidence to prove that she intentionally defrauded Medicare. We review unpreserved sufficiency of the evidence claims "only to prevent a 'manifest miscarriage of justice.'" *United States v. Smith*, 924 F.2d 889, 894 (9th Cir.1991) (quoting *United States v. Curtis*, 568 F.2d 643, 647 (9th Cir.1978)). Even assuming *arguendo* that the issue was not foreclosed, we review the evidence "in the light most favorable to the government and determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Id.* at 894 (citing *United States v. Harden*, 846 F.2d 1229, 1232 (9th Cir.1988)). Under this standard, there is considerable evidence to support Shepherd's guilty verdict.

Shepherd also argues that there was insufficient evidence to support the jury's finding of over $800,000 of "loss or intended loss" resulting from Shepherd's fraudulent activities. She argues that although she billed for over one million dollars (a fact she openly concedes), the amount actually received was $522,399. While this is not an incorrect statement of the facts, Shepherd's position plainly misconstrues the meaning of "intended loss." Shepherd billed for over $800,000, and thus intended to deprive Medicare of that amount, regardless of how much was actually collected. In the analogous test for "intended loss" we articulated for the sentencing context in *United States v. McCormac*, 309 F.3d 623 (9th Cir.2002), we made clear

that "intended loss ... should focus on the intended financial harm." *Id.* at 629. The intended financial harm here, as conceded by all parties, was well over $800,000. The jury's finding was supported by sufficient evidence.

*Proposed Jury Instruction*

■ Shepherd challenges the district court's denial of her proposed jury instruction, which provided additional detail regarding what constitutes an innocent state of mind. The district court's refusal to give the proposed instruction was not error. Shepherd "[was] entitled to have the judge instruct the jury on [her] theory of defense," *United States v. Dees*, 34 F.3d 838, 842 (9th Cir.1994), which was lack of intent. However, "[i]t is not reversible error to reject a defendant's proposed instruction in [her] theory of the case if other instructions, in their entirety, adequately cover that defense theory." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir.1995). The instructions given here adequately and accurately encompassed the defendant's theory of the case. Further instruction on innocent state of mind would have been unnecessary and redundant.

*Sentencing Guidelines Error*

■ Because Uko was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc); *see also United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) (holding that "defendants are entitled to limited remands in *all* pending direct criminal appeals involving unpre-

served *Booker* error, whether constitutional or nonconstitutional"). Shepherd does not request such relief, and in any event, in a post-sentencing hearing the district judge made plain that "even if . . . [he] did have unfettered discretion, . . . [he] would still impose the same or identical sentence that [he] imposed on Ms. Shepherd."

### Due Process and Home Seizure

■ Uko argues that the Fifth Amendment proscribes the government's ability to forfeit the family home as a substitute asset pursuant to 21 U.S.C. § 853(p). Because only defendant Shepherd raised this issue in the district court, Uko has not properly preserved this claim, but we have discretion to hear the objection despite the failure to preserve it properly. *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991). Uko argues that the government has no rational basis or legitimate interest in forfeiting a family home unless there is some nexus between the home and the crime at issue. But in fact, the federal policy at issue here is animated by a rational basis that applies directly. The substitute assets statute, 21 U.S.C. § 853(p), serves a very specific purpose: to counteract the tendency of criminals to hide their assets from the state. In addition, of course, the statute serves a more general punitive purpose, see *Alexander v. United States,* 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993), and also allows the government to remit funds to the victims of crimes, making them whole again. Thus, the statute serves punitive, remedial, and corrective purposes, all satisfying rational basis review for purposes of a due process claim.

### Excessive Punishment and Home Seizure

Finally, Uko argues that the forfeiture of his house is an excessive fine under the Eighth Amendment. As with his Fifth Amendment claim, Uko did not properly preserve this objection, but the court has discretion to analyze the question pursuant to *Flores–Payon,* 942 F.2d at 558.

■ Uko argues that the only property that can be forfeited as part of his sentence is property which is an instrumentality of the crime—that is, property "actually used to commit an offense." *United States v. Bajakajian,* 524 U.S. 321, 333 n. 8, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). However, while "[i]nstrumentalities historically have been treated . . . in civil *in rem* proceedings," in criminal forfeiture cases it is "irrelevant whether respondent's currency is an instrumentality." *Id.* at 333, 118 S.Ct. 2028. The test for whether a punishment is constitutionally excessive turns not on instrumentality but on *proportionality:* "[t]he amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian,* 524 U.S. at 334, 118 S.Ct. 2028 (citing *Austin v. United States,* 509 U.S. 602, 623, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)). Here, the money judgment against Uko is perfectly proportional with the amount of money he fraudulently obtained from Medicare. Since those funds are unavailable, the government can rightly use § 853(p) to forfeit substitute assets—and in this case, a substitute asset that is worth a great deal less than the original judgment. Thus, the forfeiture of the family home is proportional with the offense and does not constitute an excessive punishment.

For the foregoing reasons, we **AFFIRM** in part and **REMAND** in part.