**UNITED STATES of America,**

v.

**Matthew WEITZMAN, Defendant.**

**No. 09 Crim. 989(LTS).**

United States District Court, S.D. New York.

July 3, 2013.

---

Joan M. Loughnane, New York, NY, Jeffrey Ehrlich Alberts, U.S. Attorney's Office, White Plains, NY, for United States of America.

Matthew D. Weitzman, Otisville, NY, pro se.

Marc Lee Mukasey, Bracewell & Giuliani, LLP, New York, NY, for Defendant.

## Memorandum Order

LAURA TAYLOR SWAIN, District Judge.

On October 19, 2009, Matthew Weitzman ("Defendant" or "Weitzman") pleaded guilty to an Information charging him with several counts of investment advisor fraud, securities fraud, and wire fraud. On June 30, 2010, this Court sentenced Weitzman to 97 months in prison. At the sentencing hearing, the Court also entered a Consent Preliminary Order of Forfeiture and, on June 24, 2011, the Court entered a Final Order of Forfeiture, granting the Government title to the property listed in the forfeiture order pursuant to 21 U.S.C. § 853(n)(7). Now before the Court is the Government's motion, pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets. The Court has reviewed carefully all of the parties' submissions and, for the following reasons, the Government's application is granted.

## Background

On or about June 30, 2010, the Court entered a Consent Preliminary Order of Forfeiture pertaining to Weitzman's right, title, and interest in property ranging from proceeds of the sale of real property to jewelry purchased at J. Brown Jewelry. The Consent Order of Forfeiture included the entry of a money judgment against Weitzman in the amount of $7,082,032.

On February 15, 2013, the Government moved for a Preliminary Order of Forfeiture as to Substitute Assets, contending

that it has received less than $2 million in payments from the forfeited property towards the money judgment, leaving more than $5 million unpaid.[1] While the Government has not been able to locate, obtain, or collect any proceeds of Defendant's offenses beyond those included in the forfeited property, it has located the following substitute assets: (1) funds on deposit in a Charles Schwab account with a listed beneficiary of "Matthew D. Weitzman" ("Weitzman Schwab Account"); (2) funds on deposit in a Charles Schwab account with a listed beneficiary of "Weitzman Family Trust IRA" ("Weitzman Family Schwab Account");[2] (3) Defendant's partnership interest in AFW Environmental Fund–I, LP ("Weitzman Environmental Fund Investment"); (4) funds on deposit in the account "Matthew D. Weitzman–Trust" at TIAA CREF ("Weitzman TIAA CREF Trust"); (5) funds on deposit in the account "Ellen B. Weitzman–Trust" at TIAA CREF ("Ellen Weitzman TIAA CREF Trust");[3] (6) a check in the amount of $1,620 with a listed payor of Matthew D. Weitzman and a listed payee of the United States Marshals Service ("Weitzman Check");[4] and (7) a check in the amount of $96.29 with a listed payor of the Comptroller State of New York Refund Account and a listed payee of Matthew D. Weitzman ("Comptroller Check").[5]

### DISCUSSION

Where, as a result of the defendant's actions or omissions, initially forfeited property that is subject to money judgment is unavailable, the Court may issue an order forfeiting substitute assets up to the value of that property. 21 U.S.C. § 853(p)[6]; Fed.R.Crim.P. 32.2(e)(1). Defendant Weitzman does not dispute the unavailability of the initially forfeited property. He also does not object to the Government's request to forfeit the Weitzman Check and the Comptroller Check as substitute assets.

Weitzman does, however, object to the forfeiture of all other substitute assets identified by the Government, contending that: (1) assets unrelated to any of his illegal activities cannot be forfeited, (2) assets in Individual Retirement Accounts (IRAs) cannot be forfeited, and (3) third parties may have interests in these assets. If the Court nevertheless finds that these additional assets may be forfeited as substitute assets, Weitzman requests that funds be reserved to cover any tax liabilities or early withdrawal penalties that may be incurred as a result of such forfeiture.

---

**1.** The Government contends that, on or about June 14, 2012, three payments in the amounts of $109,245.81, $91,135.04, and $1,442,327.08 were made from the forfeited property towards the money judgment.

**2.** The Government contends that, based on information from Charles Schwab, Defendant is the only living beneficiary.

**3.** The Government contends that, based on information from TIAA CREF, Defendant is the sole heir to these funds. Ellen B. Weitzman, the defendant's sister, died on March 26, 2010, and was predeceased by her parents Elliott and Muriel Weitzman.

**4.** Currently in the Government's possession.

**5.** Currently in the Government's possession.

**6.** "If any of the [property initially subject to money judgment], as a result of any act or omission of the defendant—(1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5)." 21 U.S.C.A. § 853(p) (West 1999).

The Court finds that none of Defendant's arguments warrants denial of the Government's application.

*Assets Unrelated to Criminal Activity*

 Whether an asset is linked to a defendant's illegal activity is not relevant to determining whether 21 U.S.C. § 853(p) permits its forfeiture as a substitute asset. *See, e.g., United States v. Rosario,* No. 94–1516, 1996 WL 868385, at *4 (2d Cir. Apr. 14, 1997) ("[W]e find that there is no requirement under 21 U.S.C. § 853(p) that the government demonstrate that substitute assets are traceable to criminal activity.... The purpose of § 853(p) is to substitute non-tainted assets for tainted assets that are not able to be located for forfeiture."); *United States v. Smith,* 656 F.3d 821, 828 (8th Cir.2011) (there is no "constitutional nexus requirement" mandating that forfeited property be connected to the defendant's offense; any property of the defendant, including that which the defendant may acquire in the future, may be forfeited). The fact that Weitzman's additional assets originated from legal sources is, therefore, not a barrier to the forfeiture of those assets.

*Assets in IRAs*

 Weitzman suggests that some of the additional assets the Government has located, such as the Weitzman Environmental Fund Investment and the Weitzman Family Schwab Account, may be IRAs and asserts that IRAs are protected from forfeiture. This contention is unfounded. "*Any* other property of the defendant" may potentially be forfeited as substitute assets. 21 U.S.C. § 853(p) (emphasis added). There is no exemption for IRAs. *See United States v. Bollin,* 264 F.3d 391, 423 (4th Cir.2001) (federal law pursuant to 21 U.S.C. § 853(p), which allows for the forfeiture of all funds in the defendant's IRA, supersedes any state law

protecting such funds). Whether or not Weitzman's funds are held in IRAs is immaterial to determining whether those funds may be forfeited.

*Third–Party Interests in Assets*

 Weitzman next objects to the forfeiture of his additional assets on the ground that third parties, such as the Internal Revenue Service (IRS) (to whom Weitzman may owe taxes) and a trustee of the Ellen Weitzman TIAA CREF Trust (to whom Weitzman's deceased sister owed money), may have interests in these assets. Weitzman, however, lacks standing to assert third-party interests. *See, e.g., United States v. Tremblay,* No. S1 05 CR.783, 2008 WL 4571548, at *2 (S.D.N.Y. Oct. 8, 2008) (even if third parties such as the defendant's clients owned the funds in the defendant's offshore bank accounts, the defendant lacked standing to object to forfeiture on the basis of such third-party interests). Protection for third parties' interests comes in the form of ancillary hearings following the entry of a preliminary order forfeiting a defendant's substitute assets. Once such an order is entered, the Government must serve notice to known interested parties and publish notice of the forfeiture in order to provide third parties with the opportunity to challenge the Government's claim to the property. *See* 21 U.S.C. § 853(n); *see also* Rule 32.2(e)(2). If the IRS, the Ellen Weitzman TIAA CREF Trust trustee, or any other third party claims an interest in the substitute assets here, it can properly do so after the entry of a preliminary order forfeiting Weitzman's interests in the assets.

*Allocating Funds for Potential Tax Liabilities and Withdrawal Penalties*

 Although Weitzman does not know what, if any, tax liabilities and withdrawal penalties he may incur if the substitute

assets are forfeited, he requests that sufficient funds be set aside to cover any such obligations that may arise. Courts have declined to deduct taxes from the value of the assets forfeited, in part to avoid requiring complex calculations. *See, e.g., United States v. DeFries*, 129 F.3d 1293, 1315 (D.C.Cir.1997) (when determining assets to be forfeited, "a deduction for taxes could create unwarranted complexities in the administration of the statute"). Requiring the Government to account for possible tax liabilities and early withdrawal penalties before forfeiture would needlessly complicate the process. Additionally, given the punitive purpose of forfeiture, the possibility that Weitzman may have to pay additional taxes and withdrawal penalties for substitute assets forfeited is not unjust. *See United States v. Lizza Indus., Inc.*, 775 F.2d 492, 498 (2d Cir.1985) (no need for the Government to "ensure that a convicted racketeer is not deprived of a single farthing more than his criminal acts produced"). Accordingly, the Court denies Weitzman's request to reserve funds for the purpose of covering any possible tax liabilities and early withdrawal penalties.

### CONCLUSION

For the foregoing reasons, the Court grants the Government's application for the entry of a Preliminary Order of Forfeiture as to Substitute Assets. The Court denies Weitzman's request to reserve funds sufficient to pay any tax liabilities or withdrawal penalties incurred. This Memorandum Order resolves docket entry no. 85.

SO ORDERED.