# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-1855

———————————————

United States of America

*Plaintiff - Appellee*

v.

Clark L. Vanosdoll

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: September 24, 2013
Filed: September 30, 2013
[Unpublished]

————————

Before LOKEN, BYE, and BENTON, Circuit Judges.

————————

PER CURIAM.

Clark Vanosdoll appeals the $100,000 criminal-forfeiture judgment that the district court[1] imposed after he pleaded guilty to charges of participating in a drug

———————————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conspiracy and being a felon in possession of a firearm. Vanosdoll's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he argues that the court should have conducted a hearing to determine the amount of the forfeiture; that the money judgment is excessive; and that Vanosdoll does not, and likely will not, have the assets to pay the judgment.

We reject these arguments. See United States v. Van Nguyen, 602 F.3d 886, 903 (8th Cir. 2010) (standard of review). First, as neither party requested a hearing, none was necessary. See Fed. R. Crim. P. 32.2(b)(1)(B). Second, the court did not err in imposing the $100,000 judgment: the record includes undisputed facts showing that Vanosdoll generated over $11 million in methamphetamine proceeds during the conspiracy to which he pleaded guilty. See 21 U.S.C. § 853(a)(1) (property constituting proceeds obtained from drug-related violation is subject to criminal forfeiture); United States v. Moser, 168 F.3d 1130,1132 (8th Cir. 1999) (court may accept undisputed factual allegations in presentence report as true for sentencing purposes). Third, the alleged state of Vanosdoll's current and future financial condition does not control the forfeiture determination. See United States v. Smith, 656 F.3d 821, 827 (8th Cir. 2011).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____