# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1231
_____

United States of America,

*Plaintiff - Appellee*,

v.

Michael E. Bell,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 16, 2023
Filed: January 24, 2024
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Bell pleaded guilty to three counts of possession with intent to distribute heroin and fentanyl. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court[*] sentenced him to 72 months' imprisonment. On appeal, Bell argues that the

_____

[*]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

district court committed procedural error by relying on clearly erroneous facts and also imposed an unreasonable sentence. We affirm.

Between September 2019 and January 2020, law enforcement officers thrice found Bell in possession of quantities of heroin and fentanyl that were suitable for distribution. Bell admitted that he intended to distribute the drugs. Each time, officers also discovered at least one firearm in Bell's possession. They seized a total of four handguns, one of which had a defaced serial number.

A grand jury charged Bell with three counts of possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The indictment also alleged three counts of possession of a firearm in furtherance of drug trafficking. *See* 18 U.S.C. § 924(c). The firearm charges each carried a statutory minimum sentence of five years' imprisonment. *Id.* § 924(c)(1)(A)(i).

The parties reached a plea agreement. Bell pleaded guilty to the drug trafficking offenses, and the government dismissed the counts charging firearms offenses under § 924(c). The parties jointly recommended a 36-month term of imprisonment, whether or not that sentence was within the advisory guideline range.

At sentencing, the district court determined an advisory sentencing guideline range of 21 to 27 months' imprisonment. The offense level was determined based on the applicable drug quantity and a two-level increase for possession of a firearm. *See* USSG § 2D1.1(b)(1). The parties jointly requested a variance from the guideline range to their agreed-upon sentence of 36 months' imprisonment.

The district court, however, concluded that the proposed variance was insufficient to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). The court first observed that Bell admitted possessing firearms in close proximity to drugs and drug paraphernalia. The court calculated that if Bell had been convicted of

the firearms charges that were dismissed under the plea agreement, then his advisory guideline range would have been 195 to 201 months' imprisonment.

The court then cited Bell's "multiple instances of felonious conduct, all within a four- to five-month period, all trafficking in lethal drugs while possessing four different firearms." Based on that course of conduct, the court concluded that "Bell went all in on dealing drugs and had no problem attaining firearm after firearm after being arrested on different occasions in this case." The court decided that the recommendation of the parties failed to account for "the seriousness of the defendant's repeated possession with intent to distribute lethal drugs while possessing firearms on three separate occasions." The court ultimately sentenced Bell to 72 months' imprisonment.

In a written statement of reasons, the court cited "significant drug dealing" as an element of Bell's history and characteristics. The court reiterated that the variance was based on Bell's possession of four firearms (including one with a defaced serial number), possession of multiple lethal drugs on three separate occasions, and a high likelihood of recidivism.

Bell first argues that the court committed procedural error by relying on a drug quantity that is unsupported by the record. He contends that the district court's statements—that Bell went "all in" on drug dealing and engaged in "significant drug dealing"—imply a larger drug quantity than the record supports. Bell relies on *United States v. Stokes*, 750 F.3d 767 (8th Cir. 2014), where a district court erroneously stated that the defendant made a living on drug dealing and that his history of dealing extended back a decade. *Id.* at 771.

The district court here did not attribute an erroneous drug quantity to Bell's activity. The presentence report recommended that Bell was responsible for 0.971 gram of cocaine base, 0.344 gram of methamphetamine, 6.796 grams of heroin, and 3.839 grams of fentanyl. The court adopted these proposed findings without change.

-3-

Viewed in context, the court's comments reflect its view that Bell's three drug trafficking offenses within a short period of time, together with the possession of firearms during those offenses, constituted significant drug dealing. The record does not show that the court relied on offense conduct that is unsupported by the evidence.

Bell also maintains that his sentence was unreasonable. We review the reasonableness of the district court's chosen sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). First, Bell contends that the court improperly placed significant weight on his possession of firearms, because the court already had applied a two-level increase for that conduct under the guidelines. This argument has no merit: "[F]actors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (internal quotation omitted).

The district court permissibly relied on Bell's aggravating conduct involving firearms as a basis to vary upward from the guideline range under § 3553(a). *See id.*; *United States v. Obi*, 25 F.4th 574, 581-82 (8th Cir. 2022). The court reasonably concluded that a two-level increase under the guidelines did not adequately account for Bell's possession of multiple handguns, including one with a defaced serial number, in connection with several different drug trafficking offenses. Even with the variance, Bell still received a shorter term of imprisonment than the law would have required if he were convicted of the firearms offenses that were dismissed after negotiation. *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

Second, Bell contends that the district court abused its discretion by considering his drug addiction as an aggravating factor. Drug addiction is a factor that may be aggravating or mitigating, depending on the circumstances. Here, the court permissibly treated Bell's addiction as an aggravating factor after finding that the addiction contributed to Bell's drug trafficking and possession of dangerous weapons.

*See United States v. Henry*, 770 F. App'x 309, 311 (8th Cir. 2019); *cf. United States v. Smith*, 656 F.3d 821, 826 (8th Cir. 2011).  There was no abuse of discretion.

The judgment of the district court is affirmed.

_____